## ANESHAENSEL v. TWYMAN ET AL.

[No. 6,817.   Filed October 13, 1908.]

1. WILLS.—*Title Devised.*—A will in form: "I give, bequeath and devise" to my daughter certain real estate is sufficient to pass a fee-simple title thereto.   p. 356.

2. SAME.—*Construction.*—*Rules.*—While the testator's intention must be the guide in the construction of his will, still, there are certain rules of law which must control such construction.   p. 356.

3. SAME.—*Date of Taking Effect.*—*Construction.*—Wills speak from the date of testator's death; and the construction of their provisions must be considered as of such date.   p. 356.

4. Wills.—*Devises.*—*Dying without Issue Clauses.*—A will devising to a daughter certain land "provided, that in case of her death the same property shall be sold and proceeds divided equally between my other surviving heirs," refers to a death of such daughter prior to the death of the testator, and in case of survival, such daughter takes a fee simple, which, in default of children or parents surviving her, descends to her husband.     p. 357.

From Marion Circuit Court (14,962) ; *Henry Clay Allen,* Judge.

Suit by Otto Aneshaensel against Katy, *alias* Daisy, Twyman and others. From a decree for defendants, plaintiff appeals. *Reversed.*

*Donald Morris, C. O. Britton* and *Howe & Batchelor,* for appellant.

*Smith, Duncan, Hornbrook & Smith, O. U. Newman* and *Harding & Hovey,* for appellees.

Rabb, C. J.—Maggie Cunningham Twyman was, during her life, the owner of the premises that are in controversy in this case, together with other real estate in the city of Indianapolis. She died testate in August, 1904, leaving as her survivors her children, Katy Twyman, James E. Twyman, Harry Cunningham, and the appellant's wife, Annie, the appellees in this case. Her will contained, among other provisions, the following:

"Item 6. I give, bequeath and devise to my daughter, Annie Aneshaensel, my property known as No. 434 and No. 438 East Wabash street, described as follows: Fifty feet off the south end of lot four in Coe's subdivision of square forty-one, in the city of Indianapolis: Provided, that in case of her death the same property shall be sold and proceeds divided equally between my other surviving heirs."

This will was duly probated, and no question arises as to its validity, and none of its other provisions affect the question to be decided here. The devisee, Annie Aneshaensel, survived the testator, and died intestate on July 22, 1906, leaving surviving her no children or their descendants, no

mother or father, but leaving the appellant, Otto Aneshaensel, her husband, as her sole heir at law.

The controversy arises over the construction of this clause of the will, the appellant claiming that it gave to Annie Aneshaensel a fee-simple title to the land; the appellees claiming that she took but a life estate, and that upon her death the property was to be sold and its proceeds divided among them. The question arises upon exception taken to the conclusions of law stated by the court upon a special finding of facts, and is the only question involved in the appeal.

The terms of this clause of the will were sufficient to pass the fee to the devisee named, unless the proviso,

".in case of her death the same property shall be sold and proceeds divided equally between my other surviving heirs,"

manifests an intention on the part of the testator to limit the estate devised to the life of the devisee.

*Ross* v. *Ross* (1893), 135 Ind. 367; *Morgan* v. *McNeeley* (1891), 126 Ind. 537; *Mills* v. *Franklin* (1891), 128 Ind. 444; *Korf* v. *Gerichs* (1896), 145 Ind. 134; *Rogers* v. *Winklespleck* (1896), 143 Ind. 373; *Lumpkin* v. *Rodgers* (1900), 155 Ind. 285; *Logan* v. *Sills* (1902), 28 Ind. App. 170.

It is well understood that in construing wills the testator's intention must be the guide; but in the "ascertainment of that intention there are certain rules of construction that have become as thoroughly settled as that which requires that the intention, when ascertained, should be the true guide." *Fowler* v. *Duhme* (1896), 143 Ind. 248.

Wills speak from the date of the death of the testator, the time at which they become effective, and all expressions used in the will in reference to the disposition of the property must be construed with reference to that fact, and it is one of the well-settled rules for the construction of wills that where real estate is devised in terms.

denoting an intention on the part of the testator that
4. the primary devisee shall take a fee on the death of
the testator, coupled with a devise over, in case of
his death, the words refer to a death during the lifetime of
the testator, and that the primary devisee, surviving the
testator, takes an absolute fee. *Wright* v. *Charley* (1891),
129 Ind. 257.

The clause of item six of this will that provides ''in case
of her death the same property shall be sold,'' must be con-
strued to mean what it plainly purports that, in case the
devisee should die before the will took effect, that is before
the death of the testator, and therefore could not take the
devise, the disposition spoken of in the proviso should be
made of the property otherwise devised to Annie Aneshaen-
sel. *Fowler* v. *Duhme, supra; Wright* v. *Charley, supra;
Taylor* v. *Stephens* (1905), 165 Ind. 200; *Moores* v. *Hare*
(1896), 144 Ind. 573; *Morgan* v. *Robbins* (1899), 152 Ind.
362; *Snodgrass* v. *Brandenburg* (1905), 164 Ind. 59; *Aspy*
v. *Lewis* (1899), 152 Ind. 493; *Hume* v. *McHaffie* (1907),
40 Ind. App. 703; *Campbell* v. *Bradford* (1906), 166 Ind.
451.

Under the rules established by repeated decisions of the
courts of last resort in this State, the fee-simple title to the
property in controversy passed, upon the death of the testa-
tor, to the devisee, Annie Aneshaensel, and upon her
death descended to her husband, the appellant.

The judgment of the court below is reversed, with in-
structions to restate the conclusions of law in conformity
with this opinion.