## Carpenter, et al. v. Allen.

(Decided March 13, 1923.)

### Appeal from Magoffin Circuit Court.

1. Wills—Restraint on Sale to Any Except Other Devisees is Void.— A restraint upon alienation by an owner in fee to any persons except the other devisees under the will is an unreasonable retraint, and void.

2. Wills—Limitation Over for Violation of Void Restraint of Alienation is Void.—If the condition against alienation in a will is void, a limitation over in case the devisee shall alien the property is likewise void.

3. Wills—Provision Devisee in Fee Should Not Sell or Dispose to Other Persons is Void.—A provision in a will that the devisee of land in fee should not sell or dispose thereof to other persons prohibits alienation in any manner whatsoever, even though the prohibition against sale would not prohibit a lease or mortgage, and therefore the restraint is unreasonable and void.

W. P. CARPENTER for appellants.

CALLOWAY HOWARD and S. MONROE NICKELL for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Adam Allen died in the year 1913, leaving a will by which he devised to his son, S. W. Allen, a tract of land located in Magoffin county on the Trace fork of Licking river. The will contains the following provision:

"And I wish and request the beneficiaries of this bequest to never sell or dispose of any of the estate hereby bequeathed to any person except to each other, and should any of said beneficiaries sell or dispose of any of the lands hereby bequeathed to any other person or persons, then such one of the said beneficiaries of this bequest as sells to any person other than as directed shall lose his or her portion of this bequest which shall be divided among those who comply with my request herein."

S. W. Allen sold and conveyed the land to Sam Carpenter, W. P. Carpenter and D. W. Gardner, and this suit was brought to enforce the lien retained to secure a portion of the purchase money. The defendants asked a rescission on the ground of defective title and the non-residence of plaintiff. The chancellor held the title good and gave judgment in favor of plaintiff. The defendants appeal.

The question is whether the condition that the devisee should not sell or dispose of any of the estate except to the other beneficiaries under the will is valid.

In Attwater v. Attwater, 18 Beav. (Eng.) 330, there was a devise of an estate to A. to become his property when he reached the age of twenty-five "with an injunction never to sell it out of the family; but if sold at all, it must be to one of his brothers hereafter named." The court refused to follow the case of Doe v. Pearson, 6 East (Eng.) 173, and held the clause invalid. In an opinion by Sir John Romilly, M. R., the court said:

"The meaning is, I think, plain, that the testator intended to impose this fetter: that if the brother will not buy, the devisee was not to be at liberty to sell the property to anyone. The question is whether such a condition is a valid one. Notwithstanding the case of Doe v. Pearson, 6 East 173, this appears to me to be a condition repugnant to the quality of the estate given. It is obvious that if the introduction of one person's name, as the only person to whom the property may be sold, renders such a proviso valid, a restraint on alienation may be created as complete and perfect as if no person whatever was named; inasmuch as the name of a person who alone is permitted to purchase might be so selected as to render it reasonably certain that he would not buy the property, and that the property could not be aliened at all. It is not, in my opinion, desirable to impose fresh fetters on the enjoyment of property, and it appears to me that this proviso is distinctly at variance with rules laid down by Lord Coke (Co. Litt. 223a), and which have always been considered and treated as good law. Am of the opinion, therefore, that this clause is merely inoperative."

In the later case of In re Macleay, L. R. 20 Eq. 186, there was a devise to the testatrix's brother of certain land in fee "on the condition that he never sells it out of the family." The devisee contracted to sell the land to Macleay, and the question was, whether he could give a valid, marketable title. In an opinion by Sir George Jessell, M. R., it was held that the condition being limited as to time to the life of the first tenant in tail was not void for remoteness, and being limited as to the mode of alienation prohibiting sale only, did not forbid leasing, mortgaging or settling and was therefore a limited restriction upon alienation, and was valid.

In the later case of In re Rosher, 26 Ch. D. (Eng.) 801, a testator had devised an estate to his son in fee, provided always that if the son, his heirs or devisees, or any person claiming through or under him or them, should desire to sell the estate, or any part or parts thereof, in the lifetime of the testator's wife, she should have the option to purchase the same at the price of three thousand pounds for the whole, and at a proportionate price for any part or parts thereof, and the same should be accordingly first offered to her at such price or proportionate price or prices. The maket value of the estate when the will was made and the testator died was fifteen thousand pounds. The proviso was held void on the ground that it amounted to an absolute restraint on alienation during the life of the testator's widow. In the course of his opinion Pearson, J., after referring to In re Macleay, and analyzing the cases on which it was founded, viz.: Daniel v. Ubley, W. Jones 137, Latch 9, 39, 134 and Doe v. Pearson, *supra,* made the following remarks:

"I ask myself, and with all respect I hope for the learned judges who decided those cases, what was the principle upon which they went, and how by any possibility that principle is to be applied to other cases in the future? In Daniel v. Ubley, the widow was to alienate to one of her sons; in Doe v. Pearson the discretionary power of alienation was limited 'to her sister or sisters, or their children.' What am I to say is the principle? Is it that there may be a condition that, if you alienate, you must alienate to a member of your own family, or that you must look to the number of the individuals to whom the alienation is permitted, or when there are a number of individuals (not knowing at the present moment what that number may be), am I to inquire whether they are able, or likely to be willing, to purchase the property to which the condition is attached? If they are able and willing to purchase the property, am I to say that the condition is good, and if from their poverty they are unable, or from other circumstances are unwilling, am I to say that the condition is bad? It seems to me that the adoption of any such rule as that would produce the greatest uncertainty and confusion; in fact it would be absolutely impossible for any judge to apply such a rule to any case which might come before him, unless the facts of the case were

absolutely identical with those of some previously decided case.''

Further along he used the following language:

''I should be very sorry to do Sir George Jessell any injustice, and I must honestly say that in attempting to criticise so able and learned a judge I am always afraid of falling into some error myself, and I am not quite certain that I understand correctly the extent to which in those passages he means to go. If he means to assert that, provided you give a power to mortgage or lease, you may restrain the power to sell, all I can say is, that I most respectfully differ from him, and I cannot understand how, after he had cited the maxim from Coke which he had quoted, he should have tried to lay down any such doctrine. Applying what he says to the present case, does he mean that, the estate being worth 15,000 pounds, although there is a restriction against selling, the son might immediately mortgage it for 15,000 pounds, or might lease it for 999 years? I can only say that it seems to me that both these things are hit by the maxim which he quotes with the greatest approbation, *quando aliquid prohibetur fiere, ex directo prohibetur et per obliquim;* and that this would be an infringement of any such condition is proved (if proof were wanting) by Large's case (3 Leon. (Eng.) 182) where, there being a gift to a son with a condition annexed to it that he was not to alienate within a particular time, he having granted four leases for sixty years to begin one after the other, it was held that they came within the prohibition.' And in any case, if you are to hold that, though there is a prohibition of sale in the ordinary sense of the word, 'sale,' still you may dispose of the estate in any other way, the condition so construed to my mind would be an absurdity; and, if not absurd, I am perfectly satisfied that the court would never now allow advantage to be taken of it because something had been done in one way which might have been done effectually in another way.''

Not only does the foregoing reasoning appear to be sound, but without elaborate discussion of the question, we reached the same conclusion in Chappell v. Chappell, 119 S. W. 218, where we held that a clause in a conveyance from parents to son, reserving the use of the land to the grantors for life, and prohibiting its sale to any one except their heirs, was an unreasonable restriction upon the grantee's right of disposal, and therefore void.

Moreover, the authorities make no distinction between a deed and a will, and if the condition against alienation is void, then, for the same reason, a limitation over in case the first devisee shall alien the property is likewise void. Potter v. Couch, 141 U. S. 296, 35 L. Ed. 721; Manierre v. Welling, 32 R. I. 104, Ann. Cas. 1912C, 1311.

The will in question provides that the beneficiaries shall "never sell or dispose of" any of the estate except to each other. According to the view of the court in In re Rosher, *supra*, the word, "sell," includes leasing, mortgaging, etc., but whether that be true or not, it can not be doubted that the words, "sell or dispose of," are broad enough to include every form of alienation. Therefore, the case is one where the devisee, though given the fee, is prohibited from aliening the property in any manner whatsoever, except to the beneficiaries named in the will. In Doe v. Pearson, *supra*, it is said, "The test is whether the condition takes away the whole power of alienation substantially; it is a question of substance and not of form." It needs no argument to demonstrate that substantially the whole power of alienation is taken away when one can dispose of his property only to certain persons who may be unable or unwilling to buy, or, who, if able and willing to buy, have it in their power to compel the owner to accept an unfair price for the property. We are therefore of the opinion that the restraint on alienation is invalid, and that appellee conveyed a good title to appellants.

Judgment affirmed.