Argued at Pendleton May 4, affirmed July 6, rehearing denied August 30, 1927.

## HATTIE FRISWOLD, INDIVIDUALLY AND AS GUARDIAN, *v.* THE UNITED STATES NATIONAL BANK OF LA GRANDE ET AL.

(257 Pac. 818.)

**Wills—Fee-simple Estate may be Created Without Use of Words of Inheritance (Or. L., § 9847).**

1. Use of term "heirs" or other words of inheritance is not necessary to create fee-simple estate, under Section 9847, Or. L.

**Wills—Will must be Construed in Its Entirety, and Testator's Intent Carried Out in so Far as Law Permits.**

2. In construing will, will must be considered in its entirety, and intent of testator given effect when such intent does not violate well-established rules of law.

**Wills—Will Devising Property With Devise Over in Case of Sale or Mortgage by Devisee During Lifetime Held to Give Estate in Fee.**

3. Will, providing "I hereby devise unto my son" described property, with subsequent provision that devisee should not sell or mortgage land during his lifetime, and that, in case of such sale or mortgage, interest should terminate and land be divided among remaining devisees, *held* to create estate in fee with condition subsequent, not life estate.

**Wills—Provision for Termination of Estate in Fee With Devise Over in Case of Sale or Mortgage by Devisee During Lifetime Held Void, as Restraint on Alienation of Fee.**

4. Provision in will, following devise of property in fee that, in case of sale or mortgage by devisee during lifetime, estate should

---

2. See 28 R. C. L. 211.

4. Restraints on Alienation, see note in 3 L. R. A. (N. S.) 676.

be terminated and property divided among other devisees, *held* repugnant and void, as attempted restriction on alienation of fee.

**Wills—Restrictions Against Alienation of Property Devised in Fee are Void.**

5. Where devisee is given estate in fee, restrictions imposed against alienation of property are void, even though there is a devise over on breach of condition.

---

Wills, 40 Cyc., p. 1386, n. 85, p. 1414, n. 26, p. 1573, n. 26, p. 1576, n. 39, p. 1585, n. 87, p. 1586, n. 93, p. 1713, n. 58, p. 1714, n. 59, 61, p. 1715, n. 69.

From Union: Dalton Biggs, Judge.

In Banc.

Affirmed.   Rehearing Denied.

For appellant there was a brief and oral argument by *Mr. J. S. Hodgin.*

For respondents there was a brief over the name of *Messrs. Green & Hess,* with an oral argument by *Mr. R. J. Green.*

BELT, J.—This is a proceeding to set aside a decree of foreclosure of a mortgage upon real property, alleged to have been obtained by fraud. The trial court sustained a demurrer to the complaint and, upon failure of the plaintiff to plead further, dismissed the suit. Hence this appeal.

It appears from the complaint that John H. Friswold, in October, 1918, died, leaving surviving him his widow, Hattie Friswold, and three sons, Carl D. Friswold, John D. Friswold and the defendant, Cullen Friswold. Decedent left a will which, so far as material herein, provided:

"Item Five.

"I hereby devise unto my son, Cullen William Friswold, the South Half of the Southwest Quarter,

---

5. See 28 R. C. L. 316.

and the West Half of the Southwest Quarter of the Southeast Quarter of Section 6, Township 2 South, Range 39, East of Williamette Meridian, and five acres adjoining this land in the East Half of the Southwest Quarter of the Southeast Quarter of said Section."

"Item Nine.

"It is my desire that none of the devisees of land above named shall sell or mortgage said land during their life time and each of said devisees (devises) are made upon the condition that such devisees and each of them will not mortgage or sell said land during their life time, and in case any or either of said devisees sell or mortgage said land then their interest therein shall immediately terminate and said land shall be divided among the remainder of said devisees, share and share alike."

The estate was duly administered and the property set aside to the respective beneficiaries in accordance with the terms of the will. On April 6, 1921, Cullen Friswold and his wife executed a mortgage on the real property in question in favor of the United States National Bank of La Grande, to secure payment of various loans aggregating $6,650. Upon default in payment, the bank in November, 1921, instituted proceedings to foreclose its mortgage. After service was obtained and default of the plaintiff, Hattie Friswold, the minor heirs, Carl D. Friswold and John D. Friswold, appeared through their guardian *ad litem*, in answer to the complaint and, after a general denial, alleged affirmatively and in substance that the mortgage was executed in violation of the terms of the will and asked that it be so adjudicated. Upon the issues thus framed the trial court held that part of the will relative to alienation, void and decreed a foreclosure of the mortgage. The property was sold upon execution and the sale

confirmed.   In June, 1923, a sheriff's deed was executed in favor of the bank.   When the bank contracted to convey the property to defendant Clarence M. Carter, the plaintiff, in April, 1926, instituted this proceeding to set aside the decree, asserting that George T. Cochran, as attorney for the bank, falsely and fraudulently represented "that said bank could never get a title to said land as the terms of the will would prevent it and that she should not answer said suit and further told and advised her that the suit was merely for the purpose of enabling the said Cullen (Friswold) to get a loan and pay his debts and was in no way for the purpose of selling the said property or transferring the title to the same."   It is further alleged that Cochran was the attorney who prepared the will and who acted as counsel for the executrix, Hattie Friswold, in the administration of her husband's estate; that she relied upon the representations made by Cochran and by reason thereof was lulled into a false sense of security and never made any appearance to contest the right of the bank to foreclose its mortgage.   Plaintiff also asserts that she did not obtain knowledge of the proceedings had relative to the adjudication of this will until February 2, 1926, and, as an excuse for her delay in instituting this suit, alleges that she was persuaded by Cochran not to make any investigation of the records or otherwise to inquire about her rights.

It is the contention of plaintiff that, when Cullen Friswold executed this mortgage to the bank in violation of the express terms of the will, he forfeited his estate and that the same thereupon passed to the other devisees.   Defendants claim that the restriction in the will against alienation of the property is void and that Cullen Friswold, as an incident of his

estate in fee, had the legal right to execute the mortgage.

Aside from the question as to whether, on the facts alleged, the decree should be set aside after lapse of statutory period (Section 103, Or. L.), the decision rests upon the construction of the will. If Item Nine is to be rejected as an invalid provision and contrary to public policy in that it purports to restrict the alienation of a fee-simple estate, it follows that plaintiff has no interest in the property devised, and, therefore, could not have been defrauded. In other words, if defendants' contention is correct, the trial court could not properly have rendered any other decree.

1, 2. Considering Item Five of the will by itself, it is certain that a fee-simple estate was devised, as, in this jurisdiction, the term "heirs" or other words of inheritance are not necessary to create the same: Section 9847, Or. L.; *Imbrie* v. *Hartrampf,* 100 Or. 589 (198 Pac. 521). However, we must look to the will in its entirety and give effect to the intention of the testator when it does not violate well-established rules of law: *Gildersleeve* v. *Lee,* 100 Or. 578 (198 Pac. 246, 36 A. L. R. 1166); *Kaser* v. *Kaser,* 68 Or. 153 (137 Pac. 187). As stated in *Dickerson* v. *Morse,* 200 Iowa, 115 (202 N. W. 601):

"The fundamental rule for the construction of wills, however, is that the intention of the testator, as gathered from the whole instrument, is to be carried out, unless to do so will violate some rule of law."

3. As we construe the will, an estate in fee with a condition subsequent, or, in other words, a conditional fee, was devised to Cullen Friswold. A similar devise was under consideration in *Imbrie* v. *Hart-*

*rampf, supra,* although no breach of conditions was involved. It was contended there, as here, that the devisee had only a conditional life estate, but it was held to be one in fee. Also see *Goldsmith* v. *Petersen,* 159 Iowa, 692 (141 N. W. 60), wherein it was held that such a restriction on alienation would not reduce a fee to a life estate. There is nothing in the will to indicate that the testator so intended. As said in *Pattin* v. *Scott,* 270 Pa. St. 49 (112 Atl. 911):

" * * where it is apparent from the words of the will that the dominant purpose of the testator is to devise a fee simple estate, and the subsequent language indicates merely a subordinate intent to strip the estate thus given of one or more of its inherent attributes, the law will hold that this cannot be done; and the fee simple estate passes to the devisee with all of its inherent qualities."

If we are to give effect to the ninth item of the will, the devisee had only the right of possession during his lifetime. Upon his death it would descend to his heirs or it could have been disposed of by will. If a life estate had been intended, a remainderman would have been designated.

4. Having reached the conclusion that an estate in fee was devised, we next inquire as to whether the condition attached thereto is one which the law will uphold. There are valid and invalid conditions. Courts have long frowned upon restrictions against the alienation of property. Particularly is this true where the estate conveyed was one in fee. One of the principal incidents of ownership of property is the right of disposition. In the instant case the testator in one breath has created the highest estate known to the law and in the next has, in effect, said: "But you cannot enjoy the rights of such an estate; you cannot sell or mortgage the property during

your lifetime." This is entirely inconsistent with and repugnant to the nature of the estate created. It is contrary to public policy because it fetters and places unreasonable restrictions upon property, which purport to remove it from the channels of trade and commerce for a period of time measured by the life of the beneficiary.

The authorities are legion which hold that an absolute restraint upon alienation of an estate in fee is void (Schouler on Wills (6 ed.), Vol. 2, § 1341; Alexander's Commentaries on Wills, § 1072; Gray's Restraints on the Alienation of Property (2 ed.), § 13; 40 Cyc. 1713, and numerous cases therein cited); but the courts do not agree where the restriction is for a limited time (28 R. C. L., p. 317; also see note to 3 L. R. A. (N. S.) 672, wherein the cases are collated), although the better reasoned cases make no distinction in that respect: *Potter* v. *Couch,* 141 U. S. 296 (35 L. Ed. 721, 11 Sup. Ct. Rep. 1005); *Mandlebaum* v. *McDonell,* 29 Mich. 78 (18 Am. Rep. 61); *De Peyster* v. *Michael,* 6 N. Y. 467 (57 Am. Dec. 470); *Combs* v. *Paul,* 191 N. C. 789 (133 S. E. 93); *Welch* v. *Murdock,* 192 N. C. 709 (135 S. E. 611); *Dunlop* v. *Dunlop's Exrs.,* 144 Va. 297 (132 S. E. 351); *Kessner* v. *Phillips,* 189 Mo. 515 (88 S. W. 66, 107 Am. St. Rep. 368, 3 Ann. Cas. 1005). Although Kentucky belongs to that class of states whose courts have upheld a restriction upon alienation for a limited time, in *Harkness* v. *Lisle,* 132 Ky. 767 (117 S. W. 264), it was considered an unreasonable condition where it applied for the entire lifetime of the devisee.

There is also a line of cases as listed in the note to 3 L. R. A. (N. S.) 676, which hold valid such restrictions on an estate in fee where there is a devise over upon the breach of the condition subsequent. This distinction is noted in *Mandlebaum* v. *McDonell,*

*supra,* wherein the court in commenting upon the absence of a devise over upon breach of condition, said, although it was not necessary to a decision of the case:

"Nor does the question involve an inquiry how far a somewhat similar object might have been accomplished by making this estate in fee in these devisees defeasible, upon the condition of their executing, before a certain period, a conveyance * * , the property being limited over to another, or to be forfeited and revert on breach of the condition. In these cases there would be some party besides these devisees interested in the observance of the condition, with a right to take advantage of the breach, viz.: the heirs of the devisor, or the person to whom the property was limited over. It is quite possible that many restrictions or qualifications upon the right of devisees or grantees may be made effectual by making the estate itself dependent upon such condition, to which it could not be subjected if the estate given is absolute, * * ."

5. Notwithstanding courts of high repute which hold to the contrary, we believe, upon principle and in keeping with what seems to be the great weight of authority, that restrictions against the alienation of property, where the devisee has an estate in fee, are void, although there is a devise over upon the breach of the condition. In *Potter* v. *Couch, supra,* it is said:

"But the right of alienation is an inherent and inseparable quality of an estate in fee simple. In a devise of land in fee simple, therefore, a condition against all alienation is void, because repugnant to the estate devised. Lit. § 360; Co. Lit. 206b, 223a; 4 Kent Com. 131; *McDonogh* v. *Murdock,* 15 How. 367, 373, 375, 412 [14 L. Ed. 732]. For the same reason, a limitation over, in case the first devisee shall alien, is equally void, whether the estate be legal or equi-

table. *Howard* v. *Carusi*, 109 U. S. 725 [27 L. Ed. 1089, 3 Sup. Ct. Rep. 575]; *Ware* v. *Cann*, 10 B. & C. 433; *Shaw* v. *Ford*, 7 Ch. D. 669; *In re Dugdale*, 38 Ch. D. 176; *Corbett* v. *Corbett*, 13 P. D. 136; *Steib* v. *Whitehead*, 111 Ill. 247, 251; *Kelley* v. *Meins*, 135 Mass. 231, and cases there cited. And on principle, and according to the weight of authority, a restriction, whether by way of condition or of devise over, not forbidding alienation to particular persons or for particular purposes only, but against any and all alienation whatever during a limited time, of an estate in fee, is likewise void, as repugnant to the estate devised to the first taker, by depriving him during that time of the inherent power of alienation. *Roosevelt* v. *Thurman*, 1 Johns. Ch. (N. Y.) 220; *Mandlebaum* v. *McDonell*, 29 Mich. 78 [18 Am. Rep. 61]; *Anderson* v. *Cary*, 36 Ohio St. 506 [38 Am. Rep. 602]; *Twitty* v. *Camp*, Phil. Eq. (N. C.) 61; *In re Rosher*, 26 Ch. D. 801."

In the case last cited there was a limitation over in the event of alienation and such applied to the residuary devisees. The court held the restraint void, as being repugnant to the nature and character of the estate devised.

In *Dunlop* v. *Dunlop's Exrs.*, *supra*, a father gave his son an absolute fee-simple estate, consisting of a certain tobacco business. The will contained a clause that, in case of sale, the son should receive only one fourth of the estimated value of the goodwill, brands, trademarks, etc., of the business. The court held the provision against alienation void as being repugnant to an estate in fee, quoting *Hutchinson* v. *Maxwell*, 100 Va. 175 (40 S. E. 655, 93 Am. St. Rep. 944, 57 L. R. A. 384):

"It is well settled in this country and in England, from which country we derive the principles of our jurisprudence, that a gift or grant of a beneficial estate, in fee or absolutely, whether legal or equitable, has certain legal incidents of which the estate cannot

be divested, and all conditions adopted for that purpose are necessarily repugnant and void. Among those incidents are the donee's or grantee's power of alienating such estate, and its liability for his debts. * * ."

"The reason for this doctrine or principle is the repugnancy of such restraints upon the ordinary rights of property, and that property would thereby be withdrawn from the ordinary rules and channels of commerce and trade."

In *Kessner* v. *Phillips, supra,* property was conveyed by deed to one Joseph Hudspeth, with the express provision that he "shall have no right, power or authority, to, in any manner, sell, encumber, or dispose of said real estate or any part thereof for a period of thirty years from the date hereof, except to dispose of the same by his last will and testament." It was further provided that "should he sell, or attempt to sell or encumber, said premises at any time during the said thirty years, then, in that event the title to the above-described premises shall immediately vest in the said first parties, their heirs or assigns." Holding the above provisions void the court said:

"The better rule and the better reason is that such limitations or conditions cannot be grafted upon a fee simple estate, because they are repugnant to the absolute ownership incident to the fee. Donors who have such limited confidence in their donees should create spendthrift trusts, and not, as here, attempt to evade and violate fundamental and wise provisions of law in reference to mere legal estates."

In *Manierre* v. *Welling,* 32 R. I. 104 (78 Atl. 507, Ann. Cas. 1912C, p. 1311), the following clause in a will, in reference to alienation, was held void:

"I give and devise one of said plots to each of my said surviving children * * and I further provide and

declare that all of the devises hereinbefore made of portions of my Pojac Point Farm, * * are made upon the condition that, if any of my children or grandchildren shall voluntarily or involuntarily alienate or devise the portion of said lands other than to some descendant of mine (except for life to the wife or husband of some descendant) while such descendant may be living and without the consent of all my descendants, in such event, the interest of such child or grandchild therein shall cease and be determined, and such estate shall, thereupon, vest in my other descendants then living, *per stirpes* and not *per capita.*"

After reviewing the cases from various jurisdictions on this interesting question, Alexander, in his Commentaries on Wills, reaches this conclusion:

"On principle and according to the weight of authority, a restriction, whether by way of condition or of devise over, not forbidding alienation to particular persons or for particular purposes only, but against any and all alienation during a limited time, is void as repugnant to the estate devised to the first taker, because it deprives him during that time of the inherent power of alienation."

For other cases wherein similar devises have been held void, see: *O'Connor* v. *Thetford* (Tex. Civ. App.), 174 S. W. 680; *Diamond* v. *Rotan,* 58 Tex. Civ. App. 263 (124 S. W. 196); *Title Guarantee & Trust Co.* v. *Garrott,* 42 Cal. App. 152 (183 Pac. 470).

We conclude that, since the testator has vested an estate in fee in his son, it was futile to attempt in such manner to limit his right to enjoyment of the same by restricting all alienation thereof during the period of the devisee's lifetime. It is a void condition and repugnant to the estate devised.

In view of this conclusion, it is unnecessary to consider the allegations of fraud, since one of the essen-

tial elements of plaintiff's cause is lacking in that neither she nor the minor heirs which she represents have any interest in the property in question and, therefore, could not have been defrauded. Cullen Friswold had a legal right to execute the mortgage to the bank.

The decree of the court dismissing this suit is affirmed.        AFFIRMED.    REHEARING DENIED.

RAND, J., dissents.