GEORGE B. GREENE, COMMISSIONER, v. H. STADIEM AND WIFE, YETTIE STADIEM.

(Filed 12 March, 1930.)

1. **Partition A b—Parties not of age or in esse, being tenants in common with others sui juris, are not bound by consent decree for partition.**

   Where, under a devise for life to the children of the testator with remainder to his grandchildren to be held in common by them until the youngest shall arrive at the age of 21 years, the holders of the life estates and devisees of age of the remainder in common obtain a consent decree for partial partition: *Held,* the testamentary postponement of the partition not being void, the partial partition is adverse to the grandchildren not of age or not *in esse,* and they are not bound by the proceedings, and the commissioner appointed to sell the land for partition cannot give a good fee-simple title.

2. **Wills E g—Restriction on partition of lands devised until the children of the holders of the life estate are of age is valid.**

   A testamentary provision prohibiting or postponing partition of devised lands for a definite time or during the minority of the devisees is not regarded as a restraint on alienation or a limitation repugnant to the fee, and is generally upheld.

APPEAL by defendants from *Daniels, J.,* at October Term, 1929, of LENOIR.

Controversy without action, submitted on an agreed statement of facts.

The plaintiff, commissioner appointed by the court in a partition proceeding to convey a certain store and lot in the town of Kinston to the defendants for a consideration of $22,000, duly executed and tendered deed therefor, but the defendants decline to accept said deed and refuse to pay the purchase price, on the ground that the title offered is defective.

The sufficiency of the title offered was properly made to depend upon the construction of the following item in the will of John L. Nelson:

"Item 7. I give and devise in fee simple, after the full enjoyment of the life estate of my wife, Mary A., and the full enjoyment of the life estate of my daughter Reba, and the full enjoyment of the life estate of my daughter Retha, in manner set out in Item 2 and Item 4 and Item 5 of this my last will and testament, all the said brick building to the lawful begotten children of my daughters Retha and Reba, that the said children shall hold said property in common until the youngest one of said children shall arrive at the age of 21 years. By the word children I mean the children of my daughters now born or that may be born to them in the future."

The brick building mentioned in the above item of the will consists of two adjoining stores of approximately equal value. This property as a whole was devised to the testator's wife for her natural life, and at her death, the northern store was to go to his daughter, Reba Byrd, during her natural life, and the southern store was devised to his daughter, Retha Blow, during her natural life, which is the part now sought to be sold. The remainder in fee of said property is disposed of in the 7th item of the will.

The testator's widow, Mary A. Nelson, is dead and his two daughters, Mrs. Reba Byrd and Mrs. Retha Blow, are now in the enjoyment of the life estates so devised to them. The first is a widow, 55 years of age, with eight children, all living, and the second is married, 47 years of age, with three children, all living. Some of the children now living (5) are under 21 years of age.

On the facts agreed, the court, being of opinion that the deed tendered was sufficient to convey a good title, gave judgment for the plaintiff, from which the defendants appeal, assigning errors.

*Sutton & Greene* for plaintiff.
*F. E. Wallace* for defendants.

STACY, C. J. Two questions are presented by the appeal:

1. Do the children of the present life tenants take vested remainder interests in the property in question subject only to open up and let in after-born children, if any, of one or both of the present life tenants? *Lumber Co. v. Herrington,* 183 N. C., 85, 110 S. E., 656.

2. Does the provision "that the said children shall hold said property in common until the youngest of said children shall arrive at the age of 21 years" preclude a division or partition of said lands at the present time, all parties now living having consented, in a proceeding instituted for the purpose, that the children of Mrs. Reba Byrd should be allotted the northern store subject to the life estate of their mother, and the

children of Mrs. Retha Blow the southern store subject to the life estate of their mother, and that the after-born children, if any, of Mrs. Reba Byrd should share only with their brothers and sisters in the northern store, and the after-born children, if any, of Mrs. Retha Blow should share only with their brother and sisters in the southern store?

Conceding, without deciding, that the testator's grandchildren, children of his two daughters, Reba and Retha, take vested remainder interests in the property in question (*Green v. Green,* 86 N. C., 546), and conceding further that by consent those now living and *sui juris* may disregard the testamentary provision requiring said property to be held in common until the youngest of said children shall become of age, *non constat,* unless said testamentary postponement of partition be void, or contrary to public policy, the division or partial partition, entered by consent, would not be binding on the children under age or on any child or children that may hereafter be born to either of the present life tenants, for as to them the proceeding was adverse and the consent judgment entered in the partition proceeding is in direct violation of the terms of the will. Mrs. Reba Byrd and her children are not parties to this proceeding, though they were parties to the partition proceeding in which the plaintiff was appointed commissioner to sell the *locus in quo.*

It is the contention of the plaintiff that the testamentary postponement of partition in question is void because in restraint of the full enjoyment of the fee. This view prevailed in the court below upon the theory that it was a restraint on alienation and, therefore, void. *Combs v. Paul,* 191 N. C., 789, 133 S. E., 93; *Brooks v. Griffin,* 177 N. C., 7, 97 S. E., 730; *Wool v. Fleetwood,* 136 N. C., 460, 48 S. E., 785; *Latimer v. Waddell,* 119 N. C., 370, 26 S. E., 122.

But a testamentary provision, prohibiting or postponing partition, for a definite time, or during the minority of the devisees, is not regarded as a restraint on alienation, or limitation repugnant to the fee, and is generally upheld. *Blake v. Blake,* 118 N. C., 575, 24 S. E., 424; *Peterson v. Damoude,* 98 Neb., 370, 14 A. L. R., 1238, and note.

Speaking to the subject in *Dee v. Dee,* 212 Ill., 338, *Scott, J.,* delivering the opinion of the Court, said: "The general rule is that an adult tenant in common may demand partition as a matter of right (*Martin v. Martin,* 170 Ill., 639); and the fact that he is a remainderman and that the particular estate has not expired is not a valid objection (*Drake v. Merkle,* 153 Ill., 318); but equity will not award partition at the suit of one in violation of his own agreement or in violation of a condition or restriction imposed upon the estate by one through whom he claims (21 Am. & Eng. Ency. of Law, 2 ed., 1158; *Hill v. Reno,* 112 Ill., 154; *Ingraham v. Mariner,* 194 *ibid.,* 269; *Brown v. Brown,* 43 Ind., 474; *Hunt v. Wright,* 47 N. H., 396); nor is such a condition or re-

striction in the instrument conveying the estate invalid as repugnant to the estate granted, or as against public policy. *Hunt v. Wright, supra.*"

It is true, the guardian *ad litem* of such child or children, if any, as may hereafter be born to Mrs. Retha Blow, did not resist the judgment of partition, but it should be remembered that the tenants in fee of the property in question all derive their interests from the will of John L. Nelson, and while the restriction in question may, in the judgment of some, be unwise, nevertheless it is his will, and the provision is valid. Note 14, A. L. R., 1240.

It should be observed, perhaps, that the parties are not undertaking to sell the land in question for reinvestment. C. S., 1744.

It follows, therefore, from this view of the case, in keeping with the agreement under which the controversy was submitted without action, that the same should be dismissed unless title in accordance with the partition decree could be given, that the action must be dismissed.

Action dismissed.