W. F. WILLIAMS AND WIFE, MARY ELIZABETH WILLIAMS, v. S. G. McPHERSON.

(Filed 13 December, 1939.)

**Wills § 33a—Devise held to be in fee and restraint on alienation thereto attached is void.**

The language of the will in question was "I also leave to my son" certain realty, "said property never to be sold, bought or exchanged" except among the testator's heirs. *Held:* The word "leave" is construed to mean "devise," so that the first quoted phrase conveys an unrestricted devise of real estate which vests the fee in the devisee under C. S., 4162, and the restraint on alienation thereto attached is void, and therefore the devisee takes the fee simple absolute in the property.

APPEAL by defendant from *Thompson, J.,* at November Term, 1939, of PASQUOTANK.

Controversy without action under C. S., 626.

The controversy arises on these facts: Plaintiffs have contracted to sell at agreed price, and to convey in fee simple by warranty deed to defendant a certain lot of land in Elizabeth City, North Carolina, designated as No. 518 N. Poindexter Street, formerly as No. 218 Poindexter Street. Plaintiff W. F. Williams claims fee simple title to said lot under that portion of the will of T. W. Williams which reads:

"2. I also leave to my son William F. Williams at the death of his mother, Meddie T. Williams, the original part of my resident No. 218 Poindexter Street now occupied by myself, said property never to be sold, bought, transferred or exchanged only among Williams' heirs."

T. W. Williams left surviving four children, including William F. Williams, who is the plaintiff W. F. Williams, each of whom is now living and has children. Meddie T. Williams is now dead. ·

Defendant contends that the said portion of will of T. W. Williams does not vest in W. F. Williams an indefeasible fee simple title to said lot, and, therefore, refuses to accept deed therefor and to pay the purchase price.

The court, being of opinion that the will of T. W. Williams, Sr., and particularly the paragraph designated as "2," devises to William F.

Williams an indefeasible fee simple title to the property in question, and that the attempted restraint upon alienation is void, so entered judgment and decreed specific performance, from which defendant appeals to the Supreme Court and assigns error.

J. Henry LeRoy for plaintiffs, appellees.
W. I. Halstead for defendant, appellant.

WINBORNE, J. The judgment below is in keeping with well settled principles of law. The statute, C. S., 4162, provides that when real estate is devised to a person, "the same shall be held and construed to be a devise in fee simple, unless such devise shall, in plain and expressed words, show, or it shall be plainly intended by the will, or some part thereof, that the testator intended to convey an estate of less dignity." Under this statute an unrestricted devise of real estate vests the fee. Roane v. Robinson, 189 N. C., 628, 127 S. E., 626; Lineberger v. Phillips, 198 N. C., 661, 153 S. E., 118; Hambright v. Carroll, 204 N. C., 496, 168 S. E., 817.

Under this statute, as applied in decisions of this Court, the words in the instant case, "I leave to my son William F. Williams . . the original part of my residence, No. 218 Poindexter Street, now occupied by myself," standing alone, constitute an unrestricted devise to William F. Williams. The word "leave" in the connection there used means "to bequeath or devise." Webster so defines it, and illustrates the meaning as: "he left a legacy to his niece." Here this is the natural and customary meaning. Such meaning is to be given the word, unless it clearly appears that some other permissible meaning is intended. Goode v. Hearne, 180 N. C., 475, 105 S. E., 5.

The principle that a restraint upon alienation is contrary to public policy and void is well recognized and applied in numerous decisions of this Court, among which are these: Dick v. Pitchford, 21 N. C., 480; Wool v. Fleetwood, 136 N. C., 460, 48 S. E., 785; Christmas v. Winston, 152 N. C., 48, 67 S. E., 58; Trust Co. v. Nicholson, 162 N. C., 257, 78 S. E., 152; Lee v. Oates, 171 N. C., 717, 88 S. E., 889; Brooks v. Griffin, 177 N. C., 7, 97 S. E., 730; Stokes v. Dixon, 182 N. C., 323, 108 S. E., 913; Pilley v. Sullivan, 182 N. C., 493, 109 S. E., 359.

In the case in hand, the clause "said property never to be sold, bought or transferred only to Williams' heirs" is such a restraint upon alienation as makes it void as contrary to public policy.

Therefore, stripped of this void clause, the remaining words vest in William F. Williams an estate in fee.

The judgment below is
Affirmed.