J. C. LANGSTON, JR., AND WIFE, MARY ELIZABETH LANGSTON, v. ELMER S. WOOTEN, MELVIN JONES, EARL KINSEY, A. F. WALLER AND PRESTON HARPER, MEMBERS OF AND COMPOSING THE BOARD OF EDUCATION OF LENOIR COUNTY; AND THE BOARD OF EDUCATION OF LENOIR COUNTY, A BODY CORPORATE.

(Filed 24 May, 1950.)

**1. Wills § 33a—**

   A devise of land with provision that the rents should be used by testator's wife and children until they should become of age, and that the lands should be divided among them all upon the children coming of age or upon the prior death of the widow, with further provision that they should have no right to sell the lands except to each other, *is held*, upon the death of the widow, to vest the fee simple in the children.

**2. Partition § 4f—**

   Where one of the tenants in common is a minor, represented by a next friend, and after his coming of age, he ratifies and confirms the division of the property as made in the partition proceeding, such tenant is estopped from challenging the validity of the proceeding, and it is conclusive, there being no contingent interests involved.

**3. Wills § 46—**

   Where the same persons take certain lands either as devisees under the will, or; if the devise of the lands is insufficient to convey the fee, take same by inheritance from testator, they are perforce seized and possessed of the fee simple title to the premises.

**4. Wills § 33i—**

   Where the will directs that the devisees of the fee should not have the right to convey the property except among themselves, the attempted restraint on alienation is void as repugnant to the fee.

APPEAL by defendants from *Stevens, J.,* at Chambers in Warsaw, N. C., 7 April, 1950. From LENOIR.

Controversy without action submitted on an agreed statement of facts.

J. C. Langston, Jr., and wife, Mary Elizabeth Langston, contracted to convey to the Board of Education of Lenoir County, approximately 20 acres of the 71 acres allotted to J. C. Langston, Jr., pursuant to the terms of his father's will, for the purpose of erecting thereon a consolidated school building and such other structures and for such other uses as may be proper for public school purposes in the operation of the public school system of Lenoir County. The Board of Education of said County offered to pay the sum of $4,000.00 for the 20 acres of land, and the plaintiffs accepted said offer and tendered their fee simple warranty deed therefor.

It is agreed between the parties that the deed tendered is sufficient in form to convey a good and indefeasible title in fee simple to the tract

of land described therein, provided the plaintiffs are able to convey a good and indefeasible title thereto, and that the said deed has been properly executed; but the defendants have refused and declined to pay the said purchase price and accept the deed upon the ground that the plaintiffs are unable to convey a fee simple title to the land in question, by reason of the terms of the holograph will of J. C. Langston, Sr., which are as follows:

"To all that it concerns:

"That this is the last will and testament of the late J. C. Langston, that I bequest my insurance to be taken and go to Kinston and buy a home for my wife and children to live in, and the farm to be rented out to the best advantage of them all, and that my wife and children shall have the proceeds to live on until they become of age, and the land shall then be divided among them all to the best advantage, and they will have no right to sell it, except to each other, and that my personal property, such as stocks and farming utensils shall be sold to the best advantage and applied with my insurance to the house and lot in Kinston, and that my wife shall have the control of handling it, with Y. T. Ormond as Attorney, without bond, and that my wife shall use rents to educate my children, to the best advantage, as long as she lives, and if she dies before the children become of age, it is to be equally divided between them all alike.

"This the 11th day of October, 1917.

"(Signed)     J. C. LANGSTON

"To pass without witness.   Written by me at Hot Springs, Ark."

J. C. Langston, Sr., died on 22 September, 1926, and his will was duly probated on 27 September, 1926. Y. T. Ormond predeceased the testator. Minnie Langston, widow of the testator, qualified as executrix of the will, and his estate was duly and fully administered by her. The land in question is a part of a 231.7 acre tract of land in Contentnea Neck Township, Lenoir County, N. C., owned in fee simple and possessed by the testator at the time of his death. He left surviving him, his widow, Minnie Langston, and four children, to wit: B. Cameron Langston, Wilbur Langston, J. C. Langston, Jr., and Jessie Langston Rogers, as his sole heirs at law, devisees and distributees.

It is stipulated that Jessie Langston Rogers and her husband conveyed all their right, title and interest in and to the estate of J. C. Langston, Sr., to her three brothers, B. Cameron Langston, Wilbur Langston and J. C. Langston, Jr., as tenants in common, share and share alike, subject to any rights their mother, Mrs. Minnie Langston, might have therein, by a fee simple warranty deed dated 27 April, 1928. It is further admitted

that the tract of land was divided among the three brothers named as devisees in the will of J. C. Langston, Sr., in accordance with the order of the court entered in a special proceeding instituted in the Superior Court of Lenoir County in 1932, entitled, "In the matter of Cameron Langston and wife, Lena Langston, Wilbur Langston and wife, Ruth Langston, Mrs. Minnie Langston, widow of J. C. Langston, Sr., and J. C. Langston, Jr., a minor, by his next friend, F. T. White," and that in said proceeding J. C. Langston, Jr., was regularly assigned and duly allotted the 71 acre tract referred to herein.

J. C. Langston, Jr., the youngest of the children of J. C. Langston, Sr., became 21 years of age on 30 October, 1937.

Minnie Langston, widow of J. C. Langston, Sr., died on 26 May, 1949.

The parties agree that if, in the opinion of the court, under the facts submitted, the deed tendered by the plaintiffs is sufficient to convey a good and indefeasible fee simple title to the land in question, judgment should be rendered in favor of plaintiffs, otherwise for the defendants.

The court being of the opinion that the deed tendered was sufficient to convey a fee simple title to the 20 acre tract of land, rendered judgment in favor of the plaintiffs, and the defendants appeal and assign error.

*George B. Greene for plaintiffs.*
*Thomas J. White for defendants.*

DENNY, J.   The appellants raise the following questions: (1) Is the language of the will under which the plaintiff, J. C. Langston, Jr., claims title, sufficient to devise to said plaintiff the fee simple title to a portion of testator's land? (2) If so, does the provision that the devisees shall "have no right to sell it, except to each other" constitute a valid limitation upon the right of alienation?

The first question, when considered in light of the provisions of G.S. 31-38, in our opinion, must be answered in the affirmative. The statute provides: "When real estate shall be devised to any person, the same shall be held and construed to be a devise in fee simple, unless such devise shall, in plain and express words, show, or it shall be plainly intended by the will, or some part thereof, that the testator intended to convey an estate of less dignity." *Taylor v. Taylor,* 228 N.C. 275, 45 S.E. 2d 368; *Elder v. Johnston,* 227 N.C. 592, 42 S.E. 2d 904; *Williams v. McPherson,* 216 N.C. 565, 5 S.E. 2d 830; *Henderson v. Power Co.,* 200 N.C. 443, 157 S.E. 425; *Barbee v. Thompson,* 194 N.C. 411, 139 S.E. 838.

We find nothing in the testator's will to indicate an intent to limit the estate his children would take. It is true the will is inaptly drawn. However, there is not only an expressed intent that his children should

have the land, but that they should keep it among themselves. If he had not intended to devise the property to them, his attempt to restrain its alienation would be illogical. Moreover, he contemplated and directed a division of the farm land when his children became of age, or earlier, in the event his wife should die before the children became of age.

There seems to be some doubt on the part of the appellants as to the validity of the partition proceeding, since it took place before the plaintiff, J. C. Langston, Jr., became 21 years of age.

We are mindful of what was said in *Greene v. Stadiem,* 198 N.C. 445, 152 S.E. 398, with respect to the proper time for instituting partition proceedings, where the devisor fixes the time for a division. In *Greene v. Stadiem,* however, contingent remaindermen were involved. But no contingent interest was involved in the special proceeding referred to herein, and all parties who could possibly have been interested in the partition of the land were parties thereto, and all were *sui juris* except the plaintiff, J. C. Langston, Jr., who was represented by his next friend. Furthermore, J. C. Langston, Jr., became 21 years of age on 30 October, 1937, and ratified and confirmed the division of the property as made, by entering into the possession and occupancy of the 71 acre tract of land allotted to him in such proceeding. He would now be estopped from challenging the validity of the proceeding.

On the other hand, conceding, but not deciding, the will to be insufficient to devise the lands in fee to the children of the testator, then they would have taken the fee by inheritance, subject only to the dower interest of the widow. Consequently, the widow now being dead and the daughter of the testator and her husband having conveyed all their right, title and interest in and to the testator's estate to her three brothers, these brothers would be seized and possessed of the fee simple title to the premises. *Hales v. Renfrow,* 229 N.C. 239, 49 S.E. 2d 406.

The second question must be answered in the negative. The right of alienation is regarded as an inseparable incident to an estate in fee; and it has been uniformly held by this Court that an absolute restraint upon the free and unlimited power of alienation, annexed to a grant or devise in fee, is void. *Johnson v. Gaines,* 230 N.C. 653, 55 S.E. 2d 191; *Buckner v. Hawkins,* 230 N.C. 99, 52 S.E. 2d 16; *Beam v. Gilkey,* 225 N.C. 520, 35 S.E. 2d 641; *Douglass v. Stevens,* 214 N.C. 688, 200 S.E. 366; *Norwood v. Crowder,* 177 N.C. 469, 99 S.E. 345. Neither is the rule changed in this respect when the right of alienation is permitted among but limited to the heirs or devisees of the testator. *Early v. Tayloe,* 219 N.C. 363, 13 S.E. 2d 609; *Williams v. McPherson, supra; Brooks v. Griffin,* 177 N.C. 7, 97 S.E. 730.

The judgment of the court below is
Affirmed.