Argued March 9, affirmed March 22, 1927.

NEWTON C. SMITH, ADMINISTRATOR, *v.* E. DURKEE.

(254 Pac. 207.)

**Husband and Wife—Husband and Wife Held not Partners as to Homestead Property Purchased Before Marriage Out of Funds of Both.**

1. Where man and woman immediately before marriage contributed equally to purchase of lands in name of both, and after use as homestead exchanged it for city property, taking title as husband and wife, used partly as a home *held* that no partnership existed.

**Husband and Wife—Deed to Husband and Wife, Conveying Property Used as Lodging-house and Home, Constituted Them "Tenants by Entirety," Though Wife Contributed to Purchase.**

2. A deed in ordinary form, conveying to parties as husband and wife property used as lodging-house and home, constituted them

---

2. See 13 R. C. L. 1096.

"tenants by entirety" so that surviving husband becomes owner of fee, notwithstanding that part of purchase price was paid by wife.

**Husband and Wife—Wife's Voluntary Purchase of Real Estate in Name of Herself and Husband Creates Tenancy by Entirety.**

3. Where a wife voluntarily purchases real property, even with her own funds entirely, and takes title in herself and husband, she creates them tenants by entirety.

**Husband and Wife—Evidence Held not to Disprove Intention to Create Estate by Entirety in Property Purchased by Husband and Wife.**

4. Evidence, in administrator's suit against surviving husband, *held* not to indicate that husband and wife intended other than legal result of tenancy by entirety, in taking title as husband and wife of property to whose purchase both contributed.

**Husband and Wife—Husband and Wife Do not Hold Personal Property by Entirety.**

5. In this state, personal property is not held by entirety by husband and wife.

**Descent and Distribution—Where Husband and Wife Owned Personal Property as Tenants in Common, on Her Death, One Half Descended to Administrator.**

6. Personal property owned by husband and wife was held by them as tenants in common during lifetime of both, and, upon death of wife, one half thereof descended to administrator of her estate.

---

Husband and Wife, 30 C. J., p. 555, n. 36, p. 557, n. 53, p. 559, n. 76, p. 563, n. 23, 24, p. 575, n. 29.
Partnership, 30 Cyc., p. 413, n. 15, p. 414, n. 17.

From Multnomah: G. F. SKIPWORTH, Judge.

In Banc.

On the fourth day of April, 1913, Sarah Jane Tallman, the above-named decedent, and the defendant together purchased a tract of land in Clark County, Washington, each contributing one half of the purchase price thereof and receiving a deed thereto in the name of both of them. At that time they were engaged to be married and were on the nineteenth day of April, 1913, duly married. Immediately upon the

---

3. See 13 R. C. L. 1109.
5. See 13 R. C. L. 1106.

purchase of said property they entered into the possession thereof and made it their home for more than four years thereafter. They occupied and tilled the farm and conducted a dairy thereon as such business is ordinarily conducted. In December, 1917, they exchanged that farm for property in Sellwood, an addition to the City of Portland, Multnomah County, Oregon. The title to the Sellwood property was taken in the name of the two as husband and wife. They occupied the Sellwood property as a home. The Sellwood property consisted of two houses containing four flats and another building used as a lodginghouse. The said Sarah Jane Durkee died on the twenty-second day of February, 1920. The above-named plaintiff was duly appointed administrator with her will annexed. Plaintiff seeks by this suit to recover an interest in the Sellwood tract, basing his claim on the contention that a partnership existed between Mr. and Mrs. Durkee, and that the title to the real property was held in trust by them for the benefit of said alleged partnership. In addition to the real property Durkee procured certain personal property in said lodging-house. The answer admits the investments, the marriage, and alleges the defendant to be the owner of the Sellwood property as the survivor of the estate by entirety by virtue of the deed under which the Sellwood property was held. Defendant denies the existence of a partnership between himself and his deceased wife. The question to be determined is whether or not a partnership existed between the defendant and his deceased wife. It is conceded by plaintiff that if no partnership existed, defendant is the owner of the Sellwood property by

virtue of the deed conveying the farm to himself and former deceased wife as tenants by entirety.

AFFIRMED.

For appellant there was a brief over the name of *Messrs. Flegel, Reynolds, Flegel & Smith,* with an oral argument by *Mr. John W. Reynolds.*

For respondent there was a brief over the names of *Messrs. Bronaugh & Bronaugh* and *Mr. J. H. Kelley,* with oral arguments by *Mr. E. C. Bronaugh* and *Mr. Kelley.*

COSHOW, J.—1. The only evidence of partnership was the testimony of two daughters of the decedent. Their evidence consists entirely of remarks made by the defendant and the decedent to them at different times regarding the relationship between decedent and defendant. The defendant positively denies that a partnership in the technical sense existed between them, and he is corroborated by one disinterested witness, a Mrs. Horr. The testimony in behalf of the plaintiff referred to is to the effect that the defendant had stated at different times that he and decedent were partners and that the decedent had stated that they were equally interested, sharing alike in the consideration paid for the Clark County farm which was exchanged for the Sellwood property owned by the two at the time of the death of Mrs. Durkee. We are persuaded that no partnership in the technical sense existed between Mr. and Mrs. Durkee. Conceding that the defendant at times expressed the sentiments attributed to him by the witnesses for plaintiff, such expressions are not sufficient to constitute a partnership in a technical sense between Mr. and Mrs. Durkee. It is not an uncommon thing for one spouse to

refer to the other as a partner. The conduct of the parties in this case does not indicate that they were conducting a partnership business other than as husband and wife. The testimony of the defendant is positive that they bought the farm in Clark County for a home. The conduct of the parties corroborates his testimony. They seem not to have conducted themselves towards their property in a different manner than husband and wife who are fond of each other and living happily together ordinarily transact their affairs. There is no testimony at all of any difference arising between them over property matters.

2, 3. Under the law of this state the deed conveying the Sellwood property to Mr. and Mrs. Durkee as husband and wife constituted them tenants by the entirety: *Ganoe* v. *Ohmart, post,* p. 116 (254 Pac. 203). As the survivor of that tenancy the defendant is the owner in fee of the Sellwood tract. It is immaterial that part of the consideration for the purchase was furnished by the wife. Where the wife voluntarily purchases real property, even with her own funds entirely, and takes the title in the name of herself and husband she thereby creates them tenants by the entirety: 13 R. C. L. 1109, § 130. There is no doubt that decedent freely and voluntarily united her funds with defendant's in purchasing the Clark County farm. She joined with defendant in requesting the deed to the Sellwood property to be made in the name of herself and defendant as husband and wife.

4. The conveyance in the instant case is an ordinary deed. There is nothing in the deed that indicates the grantees intended anything contrary to the legal effect thereof. The evidence introduced by both parties preponderates in favor of the defendant regarding the intention of the parties. The attorney

who prepared the will for the decedent testified that he informed her before she executed her will that under the deed by which she and her husband held the Sellwood tract they were tenants by the entirety, and that if he survived her he would be the sole owner of the property. There is no evidence that the decedent ever desired any other disposition of the Sellwood property. She lived for some time after executing her will. The defendant testified without contradiction that he did not know anything about the estate by the entirety, and that he and his wife had agreed to execute wills in favor of each other. He executed such a will and it was destroyed after the death of his wife. It is only fair to presume that his wife would have made such a will but for the information given to her by her attorney while she had under considration preparation of a will and before she had executed it.

5, 6. Defendant concedes that the plaintiff is entitled to an interest in the personal property. Personal property is not held by the entirety in this state: *Stout* v. *Van Zante,* 109 Or. 430 (219 Pac. 804, 220 Pac. 414) ; *Ganoe* v. *Ohmart,* above. This admission on the part of defendant is not any evidence of a partnership. The defendant and his wife during her lifetime were owners in common of personal property. The administrator of her estate is therefore the owner of one half of the personal property owned by the defendant and his deceased wife in common. The decree of the Circuit Court is affirmed.

AFFIRMED.