Argued March 21; affirmed September 9, 1930

## ROOT *v.* ARNOLD

(290 P. 1095)

*H. E. Slattery* of Eugene for appellant.

*J. K. Weatherford* and *L. L. Swan,* both of Albany (Weatherford & Wyatt of Albany, on the brief) for respondents.

RAND, J. Plaintiff, claiming to be the owner thereof, brought this suit to establish title to an undi-

vided one-eighth interest in certain real property. The trial court sustained a demurrer to the complaint and, upon plaintiff's declining to plead further, dismissed the suit. From this order and decree, she has appealed.

Plaintiff's claim of ownership grows out of the following facts which were alleged in her complaint: On December 14, 1861, Vinyard C. Brock died seized of the real property in question. He devised this property to his two sons by a provision in his will reading as follows:

"I give and bequeath to my two sons, Stewart P. Brock and Alvin McCullum Brock, the following described tract of land to wit: (describing the devised land).

"The above land to be used jointly between them or may be divided between them in any way that they may think proper, but not to sell or dispose of said land during their life, at the death of my two sons Stewart P. Brock and Alvin McCullum Brock I desire the above described land then to be sold to the highest bidder and the proceeds of said sale I desire to be equally divided between the heirs of the said Stewart P. Brock and Alvin McCullum Brock."

Alvin McCullum Brock, one of said devisees, was never married and died without issue on August 11, 1869. Stewart P. Brock, the other of said devisees went into possession of the devised property and continued in the possession thereof until his death on April 15, 1929. He left surviving him his widow, Janet S. Brock, and six children, who are named as defendants in this suit. Fred Brock, another son of Stewart P. Brock, and the former husband of plaintiff, did not survive his father but died intestate and without issue on June 7, 1923, leaving plaintiff, his widow, as his sole heir at law.

Counsel for plaintiff contends that under a true construction of the will a life estate only was devised to the two sons and that, upon the death of the last surviving life tenant, the property was to be sold and the proceeds realized from such sale were to descend to the heirs of said two devisees and were to be distributed in equal shares to them and that she is one of such heirs, while counsel for defendants contend that the devise to the two sons was not that of a life estate only but was a devise of an absolute estate in fee simple and that where an estate in fee simple in real estate is given by will, the attempted restraint on alienation, if there was any such restraint expressed in the will, was void as being repugnant to a grant or devise of the fee under the doctrine announced and followed in *Friswold v. U. S. National Bank,* 122 Or. 246 (257 P. 818).

It is not necessary for us to pass upon either of these contentions for, which ever contention may be sound, plaintiff was not herself an heir of either Stewart P. Brock or Alvin McCullum Brock, the two devisees named in the will. She is not one of the class mentioned in the will and, hence, could not take under it even if her contention should be sustained.

An heir is a person appointed by law to whom the property of a deceased ancestor not lawfully devised shall descend or be distributed. The statute of descent and distribution of this state designates the persons who are so appointed: Or. L., §§ 10125, 10126. *Nemo est haeres viventis* is a rule of universal application. No man, during his lifetime, can have an heir and no one can be the heir of the living: *Jerman v. Jerman,* 129 Or. 402 (275 P. 915). Had plaintiff's former husband survived his father he would, of course, upon the death of the father have become an heir of his father,

but since he did not so survive he never became an heir of his father. Had he left children surviving him, who survived their grandfather, they also would have been heirs of their grandfather, but he left no children. Plaintiff herself, although the heir of her deceased husband, was not an heir of the father or uncle of her deceased husband. In respect to the interest of the uncle, Alvin McCullum Brock, plaintiff could not inherit through her deceased husband because at the time of the death of the uncle, Stewart P. Brock, and not his son, was heir of his brother. Since the father was living at the time, the son did not inherit. Hence, upon the death of Stewart P. Brock, there was no estate or interest in the real property which could pass to plaintiff under the terms of the will. The demurrer, therefore, was properly sustained regardless of what would be the true construction to be given to the will if the question were here for decision. Upon that question we express no opinion.

JUDGMENT AFFIRMED.

COSHOW, C. J., and ROSSMAN, J., concur.

McBRIDE, J., did not participate in this opinion.