Argued September 6; modified September 26; rehearing denied
October 24, 1939

## SAVAGE *v.* SAVAGE ET AL.
(94 P. (2d) 134)

In Banc.

*W. C. Winslow*, of Salem, for appellants.

*Guy O. Smith*, of Salem (B. S. Martin, of Salem, on the brief), for respondent.

BELT, J. This is a suit to establish a resulting trust. The plaintiff, who is the widow of A. T. Savage, deceased, alleges in her complaint that the real and personal property described therein was purchased with her funds and that the title thereto was taken in the name of her husband. The real property involved consists of 110 acres of farm land in Marion county, Oregon. The personal property includes livestock, poultry, grain, and farming implements.

The trial court entered a decree that the estate of A. T. Savage deceased owned the real property in question and denied plaintiff's claim of a resulting trust. As to the personal property, it was decreed that plain-

tiff and the estate of A. T. Savage, deceased, each had an undivided one-half interest therein. Defendants, who are the children of decedent by a former marriage, appeal from that part of the decree awarding plaintiff a half-interest in the personal property. Plaintiff did not perfect her appeal; hence the issue as to the real property is not here for consideration.

Plaintiff and the decedent, A. T. Savage, were married in 1911. Each had children by a former marriage. At the time of the marriage, plaintiff was the owner of certain real and personal property which she had inherited from her first husband. Decedent owned a 300-acre farm in Marion county encumbered by a mortgage of $1,400. When decedent and the plaintiff were married they established their home on the Savage farm and continued to operate it for many years. The 110 acres which plaintiff claimed in this suit were purchased in 1924 at a price of $4,000. The evidence is clear that this tract was bought with funds which the husband borrowed from a bank.

When plaintiff moved to the Savage place she took with her a considerable amount of farming implements and livestock, but it is impossible to ascertain from the record whether any part of it had any relation to the property described in the complaint.

Plaintiff's testimony concerning her alleged interest in the farming machinery, livestock and poultry described in the complaint is so vague and uncertain that we are unable to put much credence in it. Certainly she fails to state that any specific or definite amount of her money was used by her husband in purchasing the personal property in question. It is true that plaintiff, from time to time, purchased certain

livestock and machinery, but what amount or whether it was a part of the personal property in question is purely a matter of speculation.

Plaintiff and her husband maintained separate bank accounts and dealt with each other somewhat at arm's length in business affairs. Unfortunately, there was not always marital bliss and happiness in the home. In fact, for several years plaintiff and her husband lived separate and apart. In 1922 a public sale of the personal property on the Savage farm was held. Plaintiff, at that time, made no claim to any part of the proceeds of the sale. The parties intended to quit farming and, according to the testimony of the plaintiff, the sale included most of the things used in operation of the farm. It was after the sale that the 110 acres were purchased.

A. T. Savage died in May, 1937. The plaintiff, not knowing that he died testate, filed a petition to be appointed administratrix of her husband's estate. In this petition she averred that the identical property involved herein belonged to her husband's estate. Had she known that, under the will, she was bequeathed only the sum of $5, her averments might have been different. She now elects to accept dower in the estate of her husband and to reject the provisions of the will.

██ The burden of proving a resulting trust rests upon the party who asserts it. It is incumbent upon plaintiff to establish the trust by clear and convincing evidence. Particularly does such rule prevail after the death of the alleged trustee: *Holohan v. McCarthy*, 130 Or. 577, 281 P. 178; *Clark v. Pratt*, 15 Or. 304, 14 P. 418. We are not unmindful of the presumption of a trust where husband acquired property by means of funds

furnished by his wife. In *Cary v. Cary*, 159 Or. 578, 80 P. (2d) 886, 121 A. L. R. 1371, the court said:

"Whatever may be the rule in other jurisdictions, this court is committed to the doctrine that whenever a husband acquired possession of the separate property of his wife, whether with or without her consent, he must be deemed to hold it in trust for her benefit in the absence of any direct evidence that she intended to make a gift of it to him."

Also to the same effect see *Rhodes v. Peery*, 142 Or. 165, 19 P. (2d) 418. However, in order to invoke such presumption of a trust, there must be evidence of some definite and specific property of the wife which the husband has acquired. As stated in Bogert on Trusts, § 457, "One who has paid 'some money' towards the price of land which was conveyed to another should get no trust, because of the indefiniteness and vagueness of the evidence."

■ After a careful study of the record, we have no hesitancy in holding that plaintiff has failed to establish a trust by clear and convincing evidence. If the property in question had been acquired by the use of a common fund, we might indulge the presumption that each spouse had an equal share therein and, therefore, uphold a trust on such basis, but the record does not so disclose.

■ Counsel for defendants concede that plaintiff is entitled to the household furniture referred to in the complaint. The decree of the lower court is therefore modified by awarding plaintiff the household furniture, but as to other personal property mentioned therein it is reversed.

Neither party will recover costs or disbursements.

Rossman and Bailey, JJ., not sitting.