BATTISTA, ADMINISTRATOR, PLAINTIFF, *v.* FEIHL, ADMINISTRATOR ET, DEFENDANTS.

Probate Court, Cuyahoga County.

No. 625293. Decided March 12, 1963.

*Mr. Martin A. Rini,* for plaintiff.
*Mr. Myron R. Lewis,* for defendant.

Frost, P. J. This matter came on to be heard on a Petition for Declaratory Judgment, wherein the Plaintiff prayed that this Court make a declaration of rights in the Estate of Florence M. Battista, Estate No. 611444, as between the children and grandson of the deceased, Lorenzo Battista, Estate No. 611506, and the next of kin of his surviving spouse, Florence M. Battista, who died within two weeks after the death of said Lorenzo Battista.

Lorenzo Battista died intestate on the 14th day of May 1961, leaving Florence M. Battista as his surviving spouse; three sons, Sam, Charles, and Patterson F. Battista; two daughters, Caroline LoPardo and Mary Oliveri; and a grandson, Philip Rinaldi, a child by a pre-deceased daughter, as his next of kin.

Florence M. Battista, the surviving spouse of Lorenzo Batista, died intestate on May 28, 1961, being within two weeks of the date of death of her deceased spouse, Lorenzo Battista, without having re-married and without issue, seized of the identical one-half interest in property which was conveyed to her by her deceased spouse, Lorenzo Battista, on or about September 10, 1957.

Two questions have been raised by the pleadings, statements of counsel, and the evidence; namely, whether Section 2105.10, Revised Code (descent of estate which came from deceased spouse) commonly referred to as the "half and half statute" applies, or whether Section 2105.21, Revised Code, (presumption of order of death), commonly referred to as the "simultaneous death statute" applies.

A brief history as to the title of the property in question is of interest and is set forth as follows:

Florence Battista obtained full title to the property from a former husband through a divorce decree by deed recorded July 29, 1946. On September 16, 1949, Florence Battista married Lorenzo Battista. On June 24, 1952, Florence Battista conveyed an undivided one-half interest in this property to her husband, Lorenzo Battista. The deed recited that the consideration was "$10.00 and other valuable considerations."

On September 10, 1957, Lorenzo Battista re-conveyed this undivided one-half interest to his wife, Florence Battista. The deed recited that the consideration was "love and affection."

The full title to the property was in the name of Florence Battista on the date of death of Lorenzo Battista, May 14, 1961, and remained so until the date of death of Florence Battista on May 28, 1961.

In order to determine the issues here presented, it is necessary that each statute be examined. The "half and half statute," Section 2105.10, Revised Code, provides in part as follows:

"When a relict of a deceased husband or wife dies intestate and without issue, possessed of identical real estate or personal property which came to such relict from any deceased spouse by deed of gift, devise, bequest, descent, or by an election to take under Section 2105.06, Revised Code, such estate, real and personal, except one-half thereof which shall pass to and vest in the surviving spouse of such relict, shall pass to and vest in the children of the deceased spouse from whom such real estate or personal property came, or their lineal descendants, per stirpes. . . ."

The "presumption of order of death statute," Section 2105.21, Revised Code, provides in part as follows:

"When there is no evidence of the order in which the death of two or more persons occurred, no one of such persons shall be presumed to have died first and the estate of each shall pass and descend as though he had survived the others. When the surviving spouse or other heir at law, legatee or devisee dies within thirty days after the death of the decedent, the estate of such first decedent shall pass and descend as though he had survived such surviving spouse, or other heir at law, legatee or devisee. A beneficiary of a testamentary trust shall not be deemed to be a legatee or devisee within the meaning of this section. This section shall prevail over the right of election of a surviving spouse."

Applying the evidence to the law in this case, it is clear that the "half and half statute" does apply. Every element of this section has been met by the evidence, namely:

1. Florence Battista obtained title to an undivided one-half interest in the property by deed of gift from her husband on or

about September 10, 1957, the consideration therein recited being "love and affection."

2. Florence Battista died intestate and without issue possessed of the identical undivided one-half interest in the property, which came to her from her husband, who pre-deceased her on May 14, 1961.

It is argued that Section 2105.21, Revised Code (presumption of order of death) precludes the application of Section 2105.10, Revised Code (half and half statute). The Court does not agree with this contention. It is clear from examination of Section 2105.21, Revised Code, that this section applies only to the estate of the first decedent and in this case it would be the Estate of Lorenzo Battista. Here we are concerned with the disposition of property in the Estate of Florence Battista, the second decedent. The property in question vested in her several years prior to her death, to wit: September 10, 1957. It came to her by deed of gift. It can in no way be considered as having been inherited from Lorenzo Battista at the time of his death, namely on May 14, 1961.

From the foregoing, it follows that except for the half and half statute, the Estate of Florence Battista passes under the statute of descent and distribution as provided in Section 2105.06, Revised Code.

Counsel for the defendant has cited *In re Estate of Thatcher*, 30 ONP (NS), 515, and *In re Estate of Gilger*, 63 Ohio Law Abs., 595. Examination of the *Thatcher case* discloses that the Court was asked to determine whether the wife who died three days after her husband was entitled to inherit from her husband and vice versa. The Court properly found that the wife was not entitled to inherit from his estate and that her husband was not entitled to inherit from her estate.

While the question of the half and half statute was raised in this case because the statute in effect at that time gave the brothers of the wife an interest in the property, should it be found that the wife would have inherited from her husband's estate, the Court properly found that it did not apply, for the wife, under Sections 10503-18, General Code, now Section 2105.-21, Revised Code, did not survive her husband and therefore did not inherit from his estate.

Comparing the *Battista case* to the *Thatcher case*, the dis-

tinction is apparent, for the reason that title was vested in Florence Battista several years prior to the death of Lorenzo Battista. In the *Thatcher case* there was no vested interest in the surviving spouse, and as the Court found, no right of inheritance which would vest property in the surviving spouse.

Examination of the *Gilger case*, also discloses that the issue was one of inheritance. The Court properly found that the wife did not inherit from her husband, who pre-deceased her by 21 days. The Court also properly found that the husband did not inherit the wife's estate because of the legal fiction of survivor as set forth in Section 2105.21, Revised Code, and that her estate would pass under the law of descent and distribution. The distinction between the *Battista case* and the *Gilger case*, is again apparent, for there was no property that was vested in Gilger's wife at the time of her death that could be the subject matter of the half and half statute.

In so far as the personal property in the Estate of Florence Battista is concerned, there has been no evidence introduced that any of such property came to Florence Battista by gift, bequest, descent, or by an election of the surviving spouse to take under Section 2105.06, Revised Code. The Court therefore finds that the personal property inventoried in the Estate of Florence Battista is not subject to the application of the half and half statute, Section 2105.10, Revised Code.

Coming now to the rights of the children and grandson of Lorenzo Battista in the Estate of Florence Battista, the Court finds that said children and grandson have no interest in the personal property inventoried in the Estate of Florence Battista.

The Court further finds that Florence Battista did not re-marry after the death of Lorenzo Battista and therefore left no surviving spouse; that by application of the "half and half statute," Section 2105.10, Revised Code, the aforementioned children and grandson of Lorenzo Battista are entitled to inherit through the Estate of Florence Battista the entire one-half interest in the real estate which came to Florence Battista from her deceased husband, Lorenzo Battista, by deed of gift.

The Court further finds that the next of kin of Florence Battista are entitled to inherit all the personal property inventoried in the Estate of Florence Battista, together with the other

one-half interest in the real estate, according to the statute of descent and distribution, Section 2105.06, Revised Code.