Argued October 28, 1963, reversed February 13, 1964

# HARGROVE *v.* TAYLOR

389 P. 2d 36

*Joseph Larkin*, Redmond, argued the cause for appellant. With him on the briefs were Cunning, Brewster, Copenhaver & Larkin, Redmond.

*James B. Minturn*, Prineville, argued the cause for respondents. With him on the brief was James F. Bodie, Prineville.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, O'CONNELL, GOODWIN, DENECKE and LUSK, Justices.

O'CONNELL, J.

This is a suit in which plaintiff claims an interest in a certain parcel of real property. The property was previously owned by Virgil and Edna Osborn as tenants by the entirety. Virgil feloniously killed Edna and then committed suicide within three hours after his wife's death. Plaintiff is the sole heir of Edna. Defendants are the only heirs of Virgil.

The lower court dismissed plaintiff's complaint, applying the rule laid down in *Wenker v. Landon, et al,* 161 Or 265, 88 P2d 971 (1939), where, on facts essentially the same as those in the case at bar, it was held that the husband's interest as a surviving tenant by the entirety was unaffected by his act of feloniously killing his wife, and that upon his death his heirs inherited that interest.

In the *Wenker* case the heirs of the wife claimed that they were entitled to the estate through the application of § 10-213, Oregon Code 1930 [now ORS 111.060 (1)] which provides as follows:

"(1) No person who feloniously takes or causes or procures another so to take the life of another

> shall inherit from such person, or receive any interest whatsoever in the estate of the decedent as surviving spouse, or take by devise or legacy from the deceased person any portion of his or her estate."

The court held that the statute was not applicable because a surviving tenant by the entirety does not "receive any interest" from his deceased spouse, each spouse owning his entire estate subject only to the loss of the estate upon failure to survive the other spouse. BELT, J., concurred in the result upon the ground that the killing was not felonious, but he was of the opinion that the surviving husband's interest was enhanced and that the statute was broad enough to apply.

We are of the opinion that *Wenker v. Landon,* supra, was not correctly decided and must be overruled. It is this court's opinion that although the *Wenker* case correctly construed § 10-213, Oregon Code 1930 [now ORS 111.060 (1)],[1] the title held by the surviving husband and later by his heirs should have been impressed with a constructive trust for the benefit of the wife's heirs. The failure of the legislature to extend ORS 111.060 (1) to cases in which property is held by the entirety is not to be regarded as an indication of a legislative intent to permit a spouse to profit by his own felonious conduct. The statute is incomplete in that it deals only with interests which are deemed to pass upon death from one spouse to the other. This is not to be construed as precluding the court from making an equitable disposition of an estate which, according to strict legal theory, does not pass but which, nevertheless,

[1] The writer of this opinion does not concur in this view and agrees with the view expressed by Belt, J., as noted above.

gives to the wrongdoer an enhanced interest which he does not deserve. Although the wrongdoer's *legal* estate as a surviving tenant by the entirety is unaffected by the statute, that estate may be impressed with a constructive trust without doing violence to the statute. *Wenker v. Landon,* supra, should have imposed a constructive trust upon the murderer's estate. Therefore, on this point it is overruled.

We next consider the extent to which the wrongdoer or his successors in interest should be required to disgorge through the enforcement of the constructive trust. Various solutions have been adopted or suggested. They are adequately discussed in the standard treatises.[2] Of the suggested solutions, two seem to have received the most support. The first of these would sever the tenancy by the entirety, converting it into a tenancy in common in the murderer (or his successors in interest) and the heirs of the victim.[3]

---

[2] The following solutions have been adopted. (1) The murderer is deprived of the entire interest except for a life interest in one half. (2) The murderer is entitled to take and keep all the property. (3) The murderer holds the property upon a constructive trust to the extent of the commuted value of one half of the property as of the date of the victim's death for the period of the victim's expectancy. (4) The murderer, if the husband of the victim, is chargeable as a constructive trustee of the entire property for the benefit of the victim's estate with a beneficial life interest in the murderer in the entire property. (5) The murderer is chargeable as constructive trustee of the entire property for the benefit of his victim's estate. (6) The murderer is chargeable as constructive trustee of half of the property for the benefit of the victim's estate.

Cases supporting the foregoing may be found in 4 Scott on Trusts (2d ed 1956) § 439; 3 Bogert, Trusts § 478 (2d ed 1946), and 32 ALR2d 1102.

[3] The severance can be effected either by analogy to severance upon divorce; Cowan v. Pleasant, 263 SW2d 494 (1953 Ky), Barnett v. Couey, 224 Mo App 913, 27 SW2d 757 (1930), or by imposing a constructive trust upon the wrongdoer as to one half. Bradley v. Fox, 7 Ill2d 106, 129 NE2d 699 (1955).

Under the second solution the entire title is deemed to be in the murderer but he holds it upon a constructive trust for the heirs of the victim except that he is entitled to one-half of the rents and profits during his lifetime. This is the rule adopted by the Restatement, Restitution, § 188 and by some cases.[4] It is also approved by 4 Scott, Trusts § 493.2 (2d ed 1956) and by 3 Bogert, Trusts and Trustees § 478 (2d ed 1946). We are of the opinion that this latter solution is preferable. The reasons for rejecting the rule under which a division of the estate is made are well stated in 4 Scott, Trusts, at p. 3203:

"* * * The difficult question is whether the murderer should be permitted to keep half of the property and should be chargeable as constructive trustee of half, or whether he should be deprived of the whole of the property. It would seem that it is not unjust to deprive him of the whole of the property except a life interest in one half of it. If before severance of their interests the murderer had predeceased his co-owner, he would have taken nothing, although if he had survived him he would have taken everything. It cannot be ascertained whether, but for the murder, he would have predeceased his co-owner and taken nothing. It is fair, therefore, not to limit the constructive trust to one half of the property. The murderer was

---

[4] Colton v. Wade, 32 Del Ch 122, 80 A2d 923 (1951); Bryant v. Bryant, 193 NC 372, 137 SE 188, 51 ALR 1100 (1927); Neiman v. Hurff, 11 NJ 55, 93 A2d 345 (1952); In Re King's Estate, 261 Wis 266, 52 NW2d 885 (1952).

The solution has also been adopted by statute in some states. See for example, Pa Stat Ann tit 20, § 3445:

"Tenancies by the entirety. One-half. of any property held by the slayer and the decedent as tenants by the entirety shall pass upon the death of the decedent to his estate, and the other half shall be held by the slayer during his life, subject to pass upon his death to the estate of the decedent." See also North Carolina Gen Stat § 31A-6. Cf., South Dakota Code 1939, § 56.0505; Washington Rev Code § 11.84.050. .

entitled at least to the enjoyment of one half of the property during his lifetime, and he should not be deprived of this interest. Accordingly, it would seem that he should be chargeable as constructive trustee of the whole of the property, subject to a beneficial interest in himself for life of one half of the property."[9]

We hold that defendant is a constructive trustee of the entire estate in the property in question. Defendant is entitled to one half the rents and profits if any, produced by the property during the period between Edna's and Virgil's death.

It is not inequitable to preclude Virgil's heirs from sharing in the estate. They are not deprived of any rights in the property since at most they had only an expectancy. If Virgil had lived his heirs apparent would have no interest in any property held by him, and in imposing a constructive trust upon the property the court would not have to consider their expectancy. The fact that Virgil committed suicide should not change the rule.

■ In *Wenker v. Landon,* supra, it was said that the forfeiture of the interest of a surviving spouse in lands held by the entirety would violate Article I, § 25 of our Constitution. The statement is too broad. The constitutional provision against "forfeiture of

---

[9] See also 35 Can Bar Rev 966, 970 (1957) where the commentator states:

"It is questionable, however, whether murder ought to be added to the list of recognized acts that may produce a severance. It is also questionable whether severance disposes of the problem equitably because the wrongdoer gains an advantage that he previously did not enjoy. He acquires a fee in half the parcel in place of the more limited interest that he held before his wrongdoing. Although he loses the other half as well as the right of survivorship, he still is benefitting directly from his own felonious act. It is true that the severance approach is convenient, yet it is weighted in favour of the survivor."

estate" was not intended to prevent the courts from adjusting the interests of a wrongdoer and his victim in property held in co-ownership. The rule we have adopted preserves to the wrongdoer his interest in one half the rents and profits during his lifetime. That is the only interest as a co-owner which was unaffected by his wrongdoing. But his other interest had no value to him unless his wife agreed to a severance or she predeceased him. While they were both living this latter interest was no greater than his chance of outliving his wife. It is possible that his wife would survive him, in which case his interest would vanish.

■ Although his interest as a tenant by the entirety is regarded as ownership in the whole estate subject to a similar interest in his spouse, practically speaking his interest is highly contingent, depending upon survivorship. By killing his wife he enhances his interest by removing the contingency. The constitution certainly was not intended to prevent the courts from forcing him to disgorge that which he might never have received but for his wrongdoing.

The decree of the lower court is reversed.

McALLISTER, C. J., dissenting.

I agree with the majority that *Wenker v. Landon*, 161 Or 265, 88 P2d 971 (1939), should be in part overruled. However, I believe it would be more equitable in cases such as this to hold that the tenancy by the entirety is converted into a tenancy in common in the wrongdoer, or his successors, and the heirs of the victim. This can be accomplished by imposing a constructive trust as to one-half of the property. See *Bradley v. Fox*, 7 Ill2d 106, 129 NE2d 699 (1955). I, therefore, dissent.