ESTATE OF EMMA FRYE, DON EGGERMAN, EXECUTOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 101631. Promulgated June 27, 1941.

*W. S. Greathouse, Esq.*, for the petitioner.
*B. H. Neblett, Esq.*, for the respondent.

OPINION.

HILL: The decisive questions before us are (a) what, if any, interest in the Oregon property was owned by petitioner and (b) whether petitioner is estopped from denying ownership in part of that property. Only that part of the deficiency determined which respondent attributes to income of petitioner as owner of an interest in the Oregon property is in dispute. Other adjustments are not in controversy.

Petitioner contends that title to the Oregon property was in Charles H. Frye and that no gain from the sale thereof or other income therefrom is taxable to petitioner. Petitioner further contends that, in any event, the estate of decedent realized no gain from the sale, since the trustee sold the property for the benefit of creditors. This latter contention is without merit. The property was sold to pay debts of Frye & Co., one-half of whose stock petitioner owned.

Respondent argues that the Oregon property was purchased with community funds, that decedent owned a one-half interest therein at the time of her death, and that such interest passed at her death to petitioner. Respondent also pleaded estoppel, alleging in substance that for estate tax purposes petitioner included as an asset of decedent's estate a one-half interest in the Oregon property; that Charles H. Frye as executor of the estate, in negotiating the estate tax liability,

averred that the Oregon property was purchased with community funds; that the executor filed an income tax return for the taxable period in which was reported profit of $41,210.13 upon the sale of the Oregon property, taxable to the extent of $24,726.08; that the income tax returns of petitioner for the fiscal years 1935, 1936, and 1937 claimed deductions for one-half of the taxes on, and one-half of the operating expense of, this property; that a sale of a portion of the property was reported in petitioner's income tax return for the fiscal year 1936 as having been made by petitioner; that the statute of limitations now bars the assessment or collection of income taxes against petitioner for the years in which deductions were taken for such taxes and expenses; that such acts and averments amount to representations or concealment of material facts unknown to respondent and relied upon by him to his detriment; and that petitioner is therefore estopped to deny ownership of an interest in the Oregon property.

On the question of estoppel we think respondent can not be sustained. On reference to our findings of fact it will appear that petitioner did not represent to respondent that it owned an interest in the Oregon property. On the contrary, petitioner represented and contended, both in the matter of the estate tax of decedent's estate and in the first income tax returns of petitioner and of Charles H. Frye after decedent's death, that the Oregon property was the separate property of Charles H. Frye. It was upon the insistence of respondent that an undivided one-half of this property should be included in decedent's estate for estate tax purposes and that it should be treated as owned in equal shares by petitioner and Charles H. Frye in their returns for income tax purposes, that petitioner and Frye so treated such property. Under such facts it can not be said that respondent was misled by or that he relied on representations of petitioner or of Charles H. Frye, or anyone on their behalf, that the property in question was so owned in equal shares. Respondent made his own investigation of facts and reached a conclusion as to the ownership of the property contrary to that represented by petitioner. The acquiescence therein of petitioner and Charles H. Frye for the purposes of estate and income taxes prior to the taxable period here involved was not such representation of facts as would constitute an element of estoppel. The plea of estoppel is not sustained.

The facts which petitioner contends demonstrate that the Oregon property was Frye's separate property are that the property was referred to as his separate property, that it was not included in the inventory of the probate proceedings of decedent's estate, that the property was treated as Frye's separate property in his first income

tax return filed after decedent's death, that title insurance was issued upon conveyance of the property to the Oregon-Mesabi Corporation, and that Frye individually executed a warranty deed to the purchaser and made an affidavit to the effect that decedent's estate disclaimed any interest in the property.

On the other hand, while the bookkeeper of petitioner, of Charles H. Frye, and of Frye & Co. testified that the property was referred to as Frye's separate property, she also testified that there was no indication on his books that the property was his separate property. Also petitioner, acting through Charles H. Frye as executor, acquiesced in the inclusion of half of the value of the Oregon property in decedent's estate for estate tax purposes and in treating the property as owned in like manner in petitioner's and Charles H. Frye's income tax returns for the three taxable years next prior to the taxable period here involved.

The facts upon which petitioner relies are not sufficient to overcome the presumption that the property was purchased in large part with community funds. We have found upon the evidence that the community and separate income of decedent and her husband, Charles H. Frye, were inseparably commingled during the existence of their marriage and that the greater part of such income was their community property. Under the laws of Washington, when such indistinquishable intermingling of property occurs the whole mass of such property is presumed *prima facie* to be community property. *Yesler* v. *Hochstettler*, 4 Wash. 349; 30 Pac. 398; *In re Binge's Estate* (Wash.), 105 Pac. 689, 697. There being no evidence to rebut the presumption as above stated, we hold that all of the income received by decedent and her husband, Charles H. Frye, during their marriage was community property. The record shows that, aside from his interest in the Oregon property, the only separate property which Charles H. Frye had during such marriage was approximately, but not more than, $18,000. Whether such separate property was commingled with the community property of the spouses the evidence does not disclose. The inventory and appraisement of the estate owned by decedent at her death shows separate property of her estate of the net appraised value of $156,000.56 and a community estate of herself and Charles H. Frye of the net appraised value of more than $600,-000. The evidence does not disclose the character of ownership of the funds used to purchase the Oregon property. Petitioner's counsel conceded at the hearing "that we don't profess to be able to trace them." Since the purchase of the property was made by Charles H. Frye and since under Washington laws he had the control and management of community personal property, sec. 6892, Rem. Comp. Stat.

of Wash.,[1] but not of decedent's separate property, we assume that none of the latter was used in such purchase. It follows that, since the separate property of Charles H. Frye did not exceed $18,000, the purchase price of the Oregon property came from community funds to the extent of at least $227,050.18, one-half of which was the measure of the community interest of decedent in the funds used to purchase such property. Also, it is apparent from the excerpt of the letter of petitioner's attorneys, set forth in our findings of fact, relative to the investment of separate funds of Charles H. Frye in the Oregon property, that he did not claim that more than $18,000 of his separate property was so invested.

No evidence was offered of any agreement or other arrangement between decedent and her husband or of any act by her alone whereby she relinquished her interest in the community funds used in the purchase of the Oregon property or whereby she relinquished her interest in the latter property. Moreover, no contention is advanced herein that decedent made a gift to her husband of any property or otherwise relinquished to him her interest in any property. We hold, therefore, that decedent had a beneficial interest in the Oregon property at her death and thereupon such interest passed to petitioner. While the legal title to the Oregon property rested in Charles H. Frye, he held such title in trust for the benefit of the decedent to the extent of the proportion which her one-half interest in the community funds used in the purchase of the property bore to the total cost of the property. *Blacklaw* v. *Blacklaw* (Ore.), 44 Pac. (2d) 728; *Cary* v. *Cary* (Ore.), 80 Pac. (2d) 886, 891. Cf. *Savage* v. *Savage* (Ore.), 94 Pac. (2d) 134. Petitioner, therefore, had a beneficial interest in the Oregon property. The per centum of such beneficial ownership was the quotient of 113,525.09 divided by 245,050.18, or 46.327 per centum.

It follows that, since the value of the Oregon property at the death of decedent was $150,000, petitioner's interest therein was 46.327 percent of that amount. Petitioner realized gain on the sale of the Oregon property in the taxable period measured by the difference between 46.327 percent of the net sale price of the property and the adjusted basis to petitioner of its interest in such property. Sixty percent of such gain is includable in petitioner's income in computing its tax liability. Other income from such property within the taxable period is likewise so includable to the extent of 46.327 percent thereof.

*Decision will be entered under Rule 50.*

---

[1] SEC. 6892. Community property defined—Husband's control of personalty.

Property, not acquired or owned as prescribed in the next two preceding sections, acquired after marriage by either husband or wife, or both, is community property. The husband shall have the management and control of community personal property, with a like power of disposition as he has of his separate personal property, except he shall not devise by will more than one-half thereof.