**Joseph F. NIKI and Michiko T. Niki, Appellants,**

v.

**UNITED STATES of America, Appellee.**

**No. 71–2913.**

United States Court of Appeals, Ninth Circuit.

Aug. 23, 1973.

Thomas J. Murray (argued), San Francisco, Cal., for appellants.

Keith A. Jones (argued), Scott P. Crampton, Asst. Atty. Gen., Tax Div., Dept. of Justice, Washington, D. C., James L. Browning, Jr., U. S. Atty., San Francisco, Cal., Meyer T. Rothwacks, Richard W. Perkins, John M. Brant, Tax Div., Dept. of Justice, Washington, D. C., for appellee.

Before HASTIE,* KILKENNY and GOODWIN, Circuit Judges.

PER CURIAM:

Joseph F. Niki (taxpayer) and his wife Michiko T. Niki, appeal from a judgment of the district court dismissing their complaint for recovery of taxes under 28 U.S.C. § 1346(a)(1). They contend that the district court erroneously found the taxpayer to be domiciled in Japan during the years 1953 to 1963 rather than in California as contended. Consequently, the taxpayer could not exclude one–half of the income he earned during those years on the basis that that income was community-property income. We affirm.

The question of domicile is mainly one of fact. If tried by the court, its determination is conclusive unless clearly erroneous. Maple Island

---

4. Hale v. United States, 435 F.2d 737, 749–751 (5th Cir. 1970).

* The Honorable William H. Hastie, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

Farm, Inc. v. Bitterling, 196 F.2d 55, 59 (8th Cir.), cert. denied, 344 U.S. 832, 73 S.Ct. 40, 97 L.Ed. 648 (1952). Upon reviewing the record, we cannot say that the finding of the district court is clearly erroneous.

The taxpayer's reliance on Commissioner of Internal Revenue v. Matthew, 335 F.2d 231 (5th Cir. 1964) is misplaced. That case held that employees of a civilian contractor operating missile-tracking stations on small British islands in the Atlantic Ocean were not "bona fide resident[s] of a foreign country," 26 U.S.C. § 911(a)(1), so as to escape United States income tax on their earnings. Although the basic treaty arrangements involved in *Matthew* were similar to those involved in the present case, the determination there was of residency rather than of domicile, and that determination was for an entirely different purpose than the determination here. What is more, the factual picture of *Matthew* bears little similarity to that of the present case.

The judgment is affirmed.