T.C. Memo. 1996-550


UNITED STATES TAX COURT


CAROLYN WEBB, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

JERRY D. WEBB, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 18976-94, 19059-94. Filed December 19, 1996.


Carolyn Webb and Jerry D. Webb, pro sese.

Bryan E. Sladek, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

PARR, <u>Judge</u>:  Respondent determined deficiencies in, and additions to, petitioner Jerry Webb's (petitioner) Federal income tax for 1990, 1991, and 1992 as follows:

|       |            | Additions to Tax | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6654 |
|------|------------|-----------------|-----------|
| 1990 | $12,693.00 | $ 3,132.50 | $ 831.25 |
| 1991 | 17,824.00 | 4,456.00 | 1,025.23 |
| 1992 | 19,168.00 | 1,120.50 | 249.32 |

Respondent determined deficiencies in, and additions to, petitioner Carolyn Webb's (Carolyn Webb) Federal income tax for 1990, 1991, and 1992[1] as follows:

|       |            | Additions to Tax | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6654 |
|------|------------|-----------------|-----------|
| 1990 | $ 2,952.00 | $ 738.00 | $ 194.37 |
| 1991 | 4,139.00 | 1,034.75 | 238.07 |
| 1992 | 3,756.00 | 939.00 | 163.82 |

---

[1]    Respondent determined that Carolyn Webb had deficiencies in tax for 1987 through 1992.  At trial, and on brief, however, respondent concedes the deficiencies asserted against Carolyn Webb for 1987 through 1989 based on two decisions entered by this Court against petitioner.  See <u>Webb v. Commissioner</u>, T.C. Memo. 1993-521, affd. without published opinion 46 F.3d 1149 (9th Cir. 1995); <u>Webb v. Commissioner</u>, T.C. Memo. 1993-283, vacated and remanded in part without published opinion 28 F.3d 111 (9th Cir. 1994), on remand T.C. Memo. 1995-199, affd. 86 F.3d 1165 (9th Cir. 1996).  Those decisions sustained respondent's determinations, which attributed 100 percent of the income earned by petitioner to him.  Accordingly, respondent concedes the deficiencies asserted against Carolyn Webb for 1987, 1988, and 1989.

These cases (docket No. 18976-94 involving the income tax of Carolyn Webb for 1987, 1988, 1989, 1990, 1991, and 1992 and docket No. 19059-94 involving the income tax of petitioner for 1990, 1991, and 1992) have been consolidated for purposes of trial, briefing, and opinion pursuant to Rule 141(a).

All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated. All dollar amounts are rounded to the nearest dollar, unless otherwise indicated.

After concessions by the parties,[2] the issues for decision are: (1) Whether one half of petitioner's income for 1990, 1991, and 1992 is attributable to Carolyn Webb pursuant to the operation of California community property law.[3] We hold it is,

---

[2] For 1990, respondent concedes that she incorrectly determined wages of $1,444 against petitioner that were actually earned by him in 1991.

For 1991, respondent concedes that petitioner had $50,710 in nonemployee compensation, rather than the $52,710 amount that respondent determined in the notice of deficiency.

For 1990, 1991, and 1992, respondent concedes that petitioners are each entitled to the standard deduction and one personal exemption. Petitioner is also entitled to a deduction for one half of the self-employment tax. These are mathematical adjustments.

[3] Respondent determined that Carolyn Webb is liable for tax on $19,771 for 1990 and $26,379 for 1991, which is one half of petitioner's income for those years. For 1992, respondent concedes that Carolyn Webb is liable for tax on income of only $27,038, which is the amount determined by respondent in the notice of deficiency. Although this amount is substantially less than 50 percent of petitioner's income for 1992, respondent does not seek an increase in any of the deficiencies as asserted in
(continued...)

to the extent set out below.  (2) Whether petitioner is liable for self-employment tax for 1990, 1991, and 1992.  We hold he is. (3) Whether petitioners are each liable for additions to tax under section 6651(a)(1) for 1990, 1991, and 1992 for failure to file returns.  We hold they are.  (4) Whether petitioners are each liable for additions to tax under section 6654 for the failure to pay estimated tax for 1990, 1991, and 1992.  We hold they are.  (5) Whether a penalty for maintaining a frivolous position should be imposed against each petitioner under section 6673.  We hold it should be with respect to petitioner but not as to Carolyn Webb.

                         FINDINGS OF FACT

     A few of the facts have been stipulated and are so found. The stipulated facts and the accompanying exhibits are incorporated into our findings by this reference.  At the time they filed their separate petitions in these cases, petitioners, husband and wife, resided in Vallejo, California.

     Petitioners did not file Federal income tax returns for 1990, 1991, and 1992, nor did they pay any taxes during those years, except for $20 in withholdings from Carolyn Webb's 1992 wage income as shown on Form W-2.  To determine the income that petitioner received for the taxable years in issue, respondent prepared substitute income tax returns for those years.  For 1990

---

[3](...continued)
the statutory notice of deficiency sent to Carolyn Webb.

and 1991, respondent used Information Returns Processing (IRP) transcripts. The IRP transcripts are based upon information submitted to the Internal Revenue Service (IRS) by payors who filed information returns with the IRS showing that they paid certain amounts to petitioner during 1990 and 1991 for the following items: Wages, dividends, nonemployee compensation, and unemployment income. To reconstruct petitioner's income for 1992, respondent used an IRPOLT document, which is essentially an abbreviated IRP transcript generated by respondent's Integrated Data Retrieval System (IDRS). Petitioner received income during 1990, 1991, and 1992, of $39,542, $52,757, and $94,649,[4] respectively. To calculate the deficiencies in issue, respondent used rates applicable to married persons filing separately.

During 1989 and 1990 petitioner traveled on business to Pennsylvania, Arkansas, Louisiana, and Texas. Sometime around July of 1989, Carolyn Webb went to Texas to care for her terminally ill father. The Webbs returned to California in approximately May of 1990.

---

[4] According to the IRPOLT for 1992, petitioner received $16,050 in rents, which is reflected in the $94,649 amount asserted by respondent against petitioner for 1992. Although respondent failed to include the $16,050 in the notice of deficiency, it was incorporated into the proposed stipulation that was sent to petitioner and deemed admitted pursuant to Rule 91(f)(3).

OPINION

Issue 1. Domicile and Allocation of Community Property Income

Respondent determined that one half of the income earned by petitioner for 1990, 1991, and 1992 is attributable to Carolyn Webb.[5] Carolyn Webb asserts that she was not a resident of California during 1989 and part of 1990, and therefore is not subject to California community property law.[6] Respondent's determinations are presumed correct, and petitioners bear the burden of proving that those determinations are

_____

[5] For the taxable years in issue, respondent issued two notices of deficiency, one in petitioner's name and one in the name of Carolyn Webb. In the notice of deficiency asserted against petitioner, respondent determined that 100 percent of the earned and unearned income in petitioner's name was attributable to him. In the notice of deficiency asserted against Carolyn Webb, respondent determined that for 1990 and 1991, 50 percent of the earned and unearned income in petitioner's name was attributable to her. However, for 1992, the notice of deficiency attributes only $27,038 of petitioner's income to Carolyn Webb. See supra note 3. For the years 1990, 1991, and 1992, respondent concedes the income asserted against petitioner to the extent that his income is reattributed to Carolyn Webb according to California community property law.

[6] The trial memorandum submitted by petitioners to this Court asserts that both petitioner and Carolyn Webb were not residents of California for part of the years in issue, and therefore are not subject to California community property law. However, this contention with respect to petitioner is actually prejudicial to his interest. If California community property law does not apply to petitioner, then he would be liable for tax on 100 percent of his income; 50 percent would not be attributable to Carolyn Webb.

erroneous.  Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933); <u>Durando v. United States</u>, 70 F.3d 548, 550 (9th Cir. 1995).

For Federal income tax purposes, to determine what constitutes an individual's income in a community property jurisdiction, we must look "to the law of the State as to the ownership of community property and of community income."  <u>United States v. Mitchell</u>, 403 U.S. 190, 195 (1971); <u>Morgan v. Commissioner</u>, 309 U.S. 78, 79 (1940).  It is well established that domicile, rather than mere place of temporary residence, controls the application of community property law.  <u>Whitmore v. Commissioner</u>, 25 T.C. 293 (1955); <u>In re Allshouse's Estate</u>, 13 Cal. 2d 691 (1939).  Furthermore, the law of the State in which the earner of income is domiciled is the appropriate law to be utilized in determining whether such income is community property.  <u>Kamikido v. Commissioner</u>, T.C. Memo. 1979-402; see <u>Morgan v. Commissioner</u>, 309 U.S. 78 (1940).

California is a community property State.  Therefore, we look to California law to determine whether income is community property, or whether it is separate property.  <u>United States v. Mitchell</u>, <u>supra</u>; <u>Lucia v. Commissioner</u>, T.C. Memo. 1991-77, affd. without published opinion 962 F.2d 14 (9th Cir. 1992).  The term "community property", pursuant to California law, is generally defined as "property acquired by husband and wife, or either, during marriage, when not acquired as the separate property of

either."  Cal. Civ. Code sec. 687. (West 1982); Lucia v. Commissioner, supra.  Under California law, absent a contrary agreement, each spouse has the right to one half of all community income from the moment it is acquired and therefore is liable for the Federal income tax on one half of such amount.  Cal. Civ. Code sec. 5105. (West 1983); United States v. Malcolm, 282 U.S. 792 (1931).

The character of property as separate or community is determined at the time of acquisition.  See v. See, 64 Cal. 2d 778, 783-784 (1966).  Property acquired by purchase after marriage is presumed to be community property.  Id.  Furthermore, earnings of a husband acquired during marriage are presumed to be community property.  People v. Lockett, 25 Cal. App. 3d 433, 439 (1972).  With respect to unearned income, where the source property is presumed to be community property, and no evidence is introduced to rebut such presumption, then the income from such property is presumed community income.  Estate of Frye v. Commissioner, 44 B.T.A. 835 (1941); In re Estate of Miles, 72 Cal. App. 2d 336, 341 (1945).  Under California law, the burden of proving that property is separate rests on the party making such assertion.  See v. See, supra.

With respect to one's domicile, once established it is presumed to continue until it is shown to have been superseded by a new domicile.  Myers v. Commissioner, 11 T.C. 447, 463 (1948); Whitmore v. Commissioner, supra.  In order to change one's place

of domicile, for community property purposes, one must form an intent to remain in the new location permanently or indefinitely. Id. The determination of an individual's domicile is primarily a question of fact. Niki v. United States, 484 F.2d 95 (9th Cir. 1973) (per curiam); Kamikido v. Commissioner, supra. Although we consider statements of intention made by an individual with respect to his or her domicile, we give such statements slight weight when they conflict with an individual's actions. Texas v. Florida, 306 U.S. 398, 425 (1939). Where there is any doubt as to one's domicile, the domicile of origin prevails. Whitmore v. Commissioner, supra at 297.

Under California law, the fact that spouses live apart for a period of time does not affect the allocation of income. Sidebotham v. Robison, 216 F.2d 816 (9th Cir. 1954). Only where spouses live separate and apart with the intent of ending the marriage are the earnings of each spouse considered separate property, rather than community property. Cal. Civ. Code sec. 5118 (West 1983); In re Marriage of Hardin, 38 Cal. App. 4th 448, 451 (1995) (interpreting the phrase "living separate and apart" in the context of Family Code sec. 771 (West 1994), previously Cal. Civ. Code sec. 5118 (West 1983)).

Respondent determined that petitioners were California domiciliaries during all of the years in issue and thus are subject to California community property law.

At trial, petitioner testified that during 1989 and 1990, he traveled on business to Pennsylvania, Arkansas, Louisiana, and Texas. Carolyn Webb asserts that she left California for Texas sometime around July of 1989 to stay with her parents while her husband was away from home on business. The Webbs returned to California in approximately May of 1990.

That Carolyn Webb was out of California for part of 1989 and 1990 does not except her from California community property law. As we discussed above, it is domicile, not place of temporary residence, that determines the application of community property rules. Whitmore v. Commissioner, supra. For community property purposes, to show that she changed her place of domicile, Carolyn Webb must establish that she left California with an intent to remain in a new location permanently or indefinitely. Id. We are not convinced of such intent. In 1990, Carolyn Webb was merely visiting her sick father in Texas, while petitioner was traveling for business. Petitioners then returned to their place of permanent residence at 511 San Luis, Vallejo, California, which they maintained for the entire time they were absent from California.

The fact that petitioners lived apart for 1989 and part of 1990 does not affect the allocation of income under California law, unless they separated with an intent to end their marriage. Sidebotham v. Robison, supra. Based on the record, there is no evidence of marital discord or separation, which would support

the contention that petitioner's income is not attributable to Carolyn Webb. In fact, at trial, petitioner testified that he and his wife have been happily married for 34 years.

We therefore find that petitioners did not live separate and apart with the intent of ending their marriage, nor did they form an intent to move outside California permanently. Thus, they remained domiciled in California during the years in issue. Accordingly, petitioners are subject to California community property law.

Given this fact, we must now determine whether Carolyn Webb is liable for income tax on 50 percent of petitioner's earned and unearned income for 1990, 1991, and 1992. Cal. Civ. Code sec. 5105 (West 1983); United States v. Malcolm, supra.

Earnings of a husband during the marriage are presumed to be community property. People v. Lockett, supra. Here, petitioners were married long before the years in issue. The burden of proof is on petitioners to establish that such earnings are separate. See v. See, supra. However, Carolyn Webb did not introduce any evidence to negate a finding that petitioner's earnings are community property.

With respect to petitioner's unearned income, since the source property is presumed to be community property, and Carolyn Webb has failed to introduce evidence to the contrary, the income from such property is also community property. Estate of Frye v.

Commissioner, 44 B.T.A. 835 (1941); In re Estate of Miles, 72 Cal. App. 2d 336, 341 (1945).

On brief, respondent acknowledges that for 1992, the notice of deficiency mailed to petitioner failed to include $16,050 in rents earned by petitioner. However, respondent included this amount in the proposed stipulation, which was sent to petitioner and deemed admitted pursuant to Rules 91(f)(3) and 123(b). Thus, we sustain respondent's determination that the $16,050 is includable in petitioner's income for 1992. Respondent does not seek to hold Carolyn Webb liable for tax on one half of the $16,050, because she does not seek an increased deficiency against Carolyn Webb for 1992. Petitioner did not object to this allocation. Accordingly, we sustain respondent's determination that Carolyn Webb is liable for income tax on one half of all the earned and unearned income in petitioner's name for 1990, 1991, and 1992 to the extent of the income asserted against her by respondent in the notice of deficiency.[7] With respect to petitioner, he is liable for tax on the income determined in the notice of deficiency mailed to him, plus the $16,050 for 1992, less the amounts attributable to Carolyn Webb under California community property law.

---

[7] We have considered sua sponte whether sec. 66(a) applies and hold that it does not. Carolyn Webb does not meet the requirements of sec. 66(a)(2)(A) and (a)(4).

Issue 2. Self-Employment Tax

Respondent determined that petitioner is liable for self-employment tax on 100 percent of the nonemployee compensation he received during 1990, 1991, and 1992.

A husband's self-employment income earned during the marriage is presumed to be community property. People v. Lockett, 25 Cal. App. 3d 433, 439 (1972). However, the Code carves out an exception for self-employment tax purposes. In a community property State, where self-employment income is earned by the husband, unless the wife exercises substantially all of the management and control of the trade or business, all of the income will be treated as the income of the husband for self-employment tax purposes. Sec. 1402(a)(5)(A); sec. 1.1402(a)-8(a), Income Tax Regs. Since petitioner does not allege that Carolyn Webb had anything to do with the self-employment income earned in his name, it is petitioner, and not Carolyn Webb, who is liable for 100 percent of the self-employment tax.

Issue 3. Additions to Tax Under Section 6651(a)(1)

Respondent determined that both petitioners were liable for additions to tax for failure to file income tax returns for 1990, 1991, and 1992 under section 6651.

Section 6651(a)(1) imposes an addition to tax for failure to file a return on the date prescribed (determined with regard to any extension of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful

neglect.  Sec. 6651(a)(1); <u>Webb v. Commissioner</u>, T.C. Memo. 1993-
521, affd. without published opinion 46 F.3d 1149 (9th Cir.
1995).  The taxpayer has the burden of proving that the addition
is improper.  Rule  142(a); <u>United States v. Boyle</u>, 469 U.S. 241,
245 (1985).

 Neither petitioner nor Carolyn Webb filed income tax returns
for the years in issue.  We find that such failure was due to
willful neglect and not reasonable cause.  Accordingly, we
sustain respondent's determination with respect to this issue.[8]

<u>Issue 4. Additions to Tax Under Section 6654</u>

Respondent determined that petitioners are liable for
additions to tax for failure to pay estimated tax for 1990, 1991,
and 1992 under section 6654.

Section 6654(a) generally imposes an addition to tax if
installment payments of estimated tax made during a year do not
equal or exceed the threshold set forth in section 6654(d).  Sec.
6654; <u>Philips v. Commissioner</u>, T.C. Memo. 1995-540, affd. without
published opinion 99 F.3d 1146 (9th Cir. 1996).  The burden of
proof is on petitioners to establish that they qualify for an
exception under section 6654(e).  Rule 142(a); <u>Philips v.
Commissioner</u>, <u>supra</u>.  Petitioners do not qualify for any

---

[8]    With respect to Carolyn Webb, the additions to tax imposed
on her pursuant to sec. 6651(a)(1) are limited to the community
property income attributed to her by respondent in the notice of
deficiency.

exception. Accordingly, we affirm respondent's determinations of these additions to tax.[9]

Issue 5.   Sanctions Under Section 6673

Prior to trial, respondent filed a motion requesting the imposition of a penalty against each petitioner in the amount of $25,000 under section 6673(a), on the ground that petitioners failed to comply with the Court's orders and rules in preparing these cases for trial, and because they instituted the proceedings primarily for delay.  Petitioner, in response, continued to assert groundless tax protester arguments.

We begin by noting that petitioners are not strangers to this Court.  Rather they have a well established history as tax protesters.  In fact, the petitions originally filed in this case made various frivolous and groundless allegations, which failed to address the issues mentioned in respondent's notices of deficiency sent to petitioners.  Petitioner raised similar arguments in two other instances when he appeared as a party before this Court.  We granted respondent's motion to dismiss for lack of prosecution with respect to the case involving petitioner's tax years 1984 through 1988, Webb v. Commissioner, T.C. Memo. 1993-283, vacated and remanded in part 28 F.3d 111 (9th Cir. 1994).  In that case, we also imposed a $5,000 penalty

---

[9]    With respect to Carolyn Webb, the additions to tax imposed on her pursuant to sec. 6654 are limited to the community property income attributed to her by respondent in the notice of deficiency.

against petitioner pursuant to section 6673(a). Id. In a later case, involving the 1989 tax year, we imposed a $10,000 penalty on petitioner for asserting similar frivolous tax protester arguments. Webb v. Commissioner, T.C. Memo. 1993-521, affd. 46 F.3d 1149 (9th Cir. 1995).

Petitioners failed to cooperate in preparing this case for trial.[10] They did not pursue available administrative remedies nor comply with attempts by respondent's Appeals Division and respondent's counsel, either to settle this case or to stipulate all facts to the extent possible, as required by the Court's standing pretrial order and Branerton Corp. v. Commissioner, 61 T.C. 691 (1974). Petitioners were generally uncooperative in providing respondent with documents and in stipulating facts as required by Rule 91. Petitioners consistently refused to address the issue of income received for the years in issue. Nevertheless, petitioners continue to assert that they do not owe any tax. Petitioners have the burden of proof. Rule 142(a).

---

[10] Prior to trial, respondent moved to dismiss petitioners' claim pursuant to Rule 123(b), because of their noncooperation. We declined respondent's motion based on Carolyn Webb's assertion that she was not a California resident for part of the tax years in issue. However, pursuant to Rule 123(b), we may decide against petitioners with respect to any issue as to which petitioners have the burden of proof, and such decision shall be treated as a dismissal for purposes of Rule 123(d). Accordingly, we treated respondent's motion to dismiss for failure to properly prosecute as a motion in limine, and precluded all evidence except for that pertaining to Carolyn Webb's place of residence during the years in issue. With respect to all other issues in this case, and taking into account respondent's concessions, we found that the facts and evidence set forth in respondent's proposed stipulation were deemed established for purposes of these cases. See Rule 91(f)(3).

Given this scenario, we normally would have imposed damages against each petitioner pursuant to section 6673 for each of the years in issue. In this case, however, respondent conceded for the first time at trial that Carolyn Webb was not liable for the deficiencies determined against her for tax years 1987, 1988, and 1989. Moreover, in the trial memorandum, Carolyn Webb raised a substantive issue pertaining to her residence for the years in issue, and whether California community property law is applicable to her for those years. For these reasons, we decline to impose damages against her.

With respect to petitioner, he had no grounds to support the purported factual issue, raised for the first time in the trial memorandum, concerning the application of community property law with respect to him. In fact, by asserting that he is not subject to California community property law for the years in issue petitioner actually argued against his own interest. Petitioner's other arguments were completely frivolous. We further find that petitioner instituted and maintained these proceedings primarily for delay. Accordingly, we conclude that damages authorized by law of $15,000 are awarded to respondent under section 6673(a).

To reflect the foregoing,

> An appropriate order will
> be issued and decisions will be
> entered under Rule 155.